## STATE BOARD OF INS. COM'RS OF TEXAS v. FULTON et al.

### No. 2889.

Court of Civil Appeals of Texas. Waco.

April 20, 1950.

Rehearing Denied May 11, 1950.

Price Daniel, Atty. Gen., Wm. S. Lott, Asst. Atty. Gen., Joe H. Reynolds, Sp. Asst. Atty. Gen., for appellant.

Moore & Spivey, Bryan, for appellees.

TIREY, Justice:

This is an appeal from the judgment in the District Court (nonjury) of Robertson County, which set aside the order of the State Board of Insurance Commissioners of Texas dated September 21, 1949 suspending, for a period of thirty days, the license of the Fulton Insurance Agency, owned and operated by Mrs. Glenn Fulton, appellee herein.

The judgment of the trial court is assailed on two grounds: (1) "The trial court erred in overruling defendants' special exception No. 1 because, in an appeal from the ruling of the Board of Insurance

Commissioners, the trial court is governed by the rule of substantial evidence"; (2) "The trial court erred in invalidating the suspension order because there was substantial evidence introduced showing the order to be valid as a matter of law."

A statement is necessary. The Board of Insurance Commissioners, on the 21st day of July, 1949, notified Mrs. Fulton to appear before the Board of Insurance Commissioners to show cause why her recording agent's license should not be cancelled for violation of Art. 5062b, Vernon's Ann. Civ.Stats. At a hearing before the Board an order was entered that stated in effect that Mrs. Fulton had issued a policy to one James A. Mason, which policy had been solicited by S. B. Jones, an unlicensed solicitor, and that Mrs. Fulton accepted the benefits by virtue of the issuance of the policy. The order of the Board then provided: "It is therefore ordered by the Board that the local recording agent's license #19798, heretofore issued by the Board of Insurance Commissioners to Mrs. Glenn Fulton, acting as Fulton Insurance Agency, be, and the same is hereby suspended for a period of thirty days from and after the date of this order during which time she, Mrs. Glenn Fulton, shall not be authorized to solicit or issue any policies of insurance in any company which she may represent, or to do any act by which any person, firm or corporation may be induced to accept insurance coverage in any insurance company represented by Mrs. Glenn Fulton; Provided, However, that on the expiration of thirty days her license shall automatically be restored to her, and she shall be authorized to do business under such license the same as if no suspension had ever occurred." On the 28th day of September, 1949, the District Court granted a temporary injunction in behalf of Mrs. Fulton on her verified petition, without notice, enjoining the appellants from suspending Mrs. Fulton's license and set the hearing for the 7th day of October, 1949. Mrs. Fulton, joined by her husband, seasonably filed a separate suit in the District Court of Robertson County, whereby she appealed from the ruling of the Board of Insurance Commissioners. On October 7, 1949, at a hearing on the temporary injunction, the two cases were consolidated by agreement of all the parties and a trial was had on the merits, with the result as hereinbefore stated. The court also denied the motion of appellants for permission to supersede the judgment of the court until this matter could be heard by this court. There was no request for findings of fact and conclusions of law and none were filed; nor did appellant file motion to advance this cause as provided in Art. 4662, Vernon's Ann.Civ.Stats., and Rule 385, Texas Rules Civil Procedure, nor was our attention called to Rule 410, T.R.C.P.

At the very threshold of this case we are confronted with the question as to whether or not the issue here has become moot since the order of the Board suspended Mrs. Fulton's license to operate her insurance agency for a period of only thirty days beginning with September 21, 1949 and at the expiration thereof automatically "authorized (her) to do business under such license the same as if no suspension had occurred." We think it has. In McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, point page 333 (Com.App., op. adopted by S.Ct.), we find this statement of the rule: "A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." Applying the foregoing rule to the undisputed factual situation here, our view is that the question here involved is moot and it is our duty to dismiss this cause. See also: Wood, County Judge, v. Bird, Tex.Civ. App., 20 S.W.2d 221; Neyland-Smith Co. v. Lanham, Tex.Civ.App., 286 S.W. 530; Renfro v. Burrell, Tex.Civ.App., 138 S.W. 2d 1110. See also Simpson v. Cotten, Tex. Civ.App., 165 S.W.2d 142; Parks v. Francis, Tex.Civ.App., 202 S.W.2d 683, points 3-4.

But appellant contends in effect that since the trial before the court involved the application of what our courts now term the "substantial evidence rule", the ques-

654

tion is not moot and is not ruled by the foregoing causes, and that it·is our duty to dispose of this cause on the merits. In support of Point 1 appellant relies upon the decision of. our. Supreme 'Court in Jones v.. Marsh, 224 S.W.2d 198. Assuming, without deciding, that we have jurisdiction of. this cause on its merits, our view is that the decision in the Marsh case is not applicable and controlling to the case at bar. In the Marsh case our Supreme Court had before it the statute relating to the sale of beer and the part of the statute relating to procedure on appeal in such case is Sec. 14, Art. 1 of the Act, Art. 666—14, Vernon's Ann.Penal Code, and the pertinent provision is: "The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be· considered ·literally;· viz.: * * *." The suit at 'bar involves Art. 5062b, Vernon's Ann.Civ.Stats., and Sec. 18, which 'governs appeals, is: "If the said Board shall refuse an application for any license provided for in this Act, or shall suspend, revoke or refuse to renew any such license or permit at said hearing, then any such applicant or accused may appeal from said order by filing suit in any of the District Courts of Travis County, Texas, or in any District Court in the County of the applicant's·residence, and not elsewhere within· twenty '(20) days from the date of the order of said ·Board, such appeal to the District Court shall be by a trial de novo, *as such term is commonly used and intended in an appeal from justice court to county court * * *.*" (Italics ours.)

■■ The foregoing provision governing appeals (Acts 47th Leg., p. 374, chap. 212) has never been construed by an appellate court as far as we have been able to find. At the time this legislation was under consideration, there had been many decisions of our appellate courts construing the provisions of recent legislation which our courts have denominated "the substantial evidence rule." We think the language used by the legislature in Section 18, supra, precludes any construction save that *trial de novo* meant exactly what it

said, and since a trial de novo, as commonly used and intended in those cases tried in the justice court and appealed to the county court, means that all parties have the right on appeal to tender such evidence as they think is ·pertinent to their respective behalves, our view is that such language precludes the application of the substantial evidence rule as discussed in the Marsh case. If such 'had not been· the intention of the legislature, we think that it would have used similar language to that used in Sec. 14 of Art. 1 of the Act, Art. 666—14, Vernon's Ann.Penal 'Code, which our Supreme Court had under consideration in the Marsh case. Such being our view, Point No. 1 is overruled.

We have examined the evidence introduced in the trial court and are of the view that the evidence is sufficient to sustain the decree of the trial court, and Point 2 is overruled.

However, since we are of the opinion that the question here presented is moot, we are without jurisdiction to pass upon the merits of this cause, and this cause is dismissed.