F. W. B. ROCKETT, M. D., Appellant,

v.

TEXAS STATE BOARD OF MEDICAL
EXAMINERS, Appellee.

No. 12929.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1956.

Rehearing Denied Feb. 29, 1956.

Harry B. Berry, Marvin T. Deane, San Antonio, for appellant.

John Ben Shepperd, Atty. Gen., B. Duncan Davis and John Reeves, Asst. Attys. Gen., Austin, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the Special 37th District Court of Bexar County, judicially reviewing and approving an order of the Texas State Board of Medical Examiners cancelling the license of Dr. F. W. B. Rockett to practice medicine in this State.

The trial began to a jury and after the jury had failed to answer any of the special issues submitted, the jury was discharged and judgment peremptorily rendered cancelling the license of Dr. Rockett

to practice medicine, and Dr. F. W. B. Rockett has prosecuted this appeal.

Appellant's first four points present the contention that the trial court tried this case under the substantial evidence rule and did not accord appellant a trial "de novo" in the district court.

■ There can be no question but that appellant was entitled to a trial "de novo" in its broadest sense. Art. 4506, Vernon's Ann.Civ.Stats., as amended, Acts 53rd Legislature, 1953, p. 1029, Ch. 426, § 7, provides among other things as follows:

"The proceeding on appeal [one for the forfeiture of a medical license] . shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, * * *."

■ The record in this case shows that the trial court overruled a motion for a summary judgment and gave appellant a full trial, submitting four special issues to the jury, but the jury was unable to agree upon the answers thereto. The trial was not conducted under the substantial evidence theory. We overrule appellant's first four points.

Appellant by his fifth point presents the complaint that the court erred in granting appellee's motion for peremptory judgment, because such motion did not properly disclose the grounds on which such action would be justified; and by his sixth point, that the court erred in granting such motion after the jury had failed to agree, because all essential issues were not undisputed.

■ We will discuss these two points together. It is true that Rule 268 provides that a motion for a directed verdict shall state the specific grounds upon which it is based, but the failure to do so is not necessarily fatal to the motion, and if it is granted by the court such action will be sustained by an appellate court, if the judgment is based upon sufficient undisputed facts. Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686; Baylor v. Eastern Seed Co., Tex.Civ.App., 191 S.W.2d 689. Nor is the fact that the motion was not made by appellee until after the jury had been discharged for failure to agree of any consequence. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377; Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921.

■ This brings us to a consideration of the one remaining question of whether or not the judgment was justified by the undisputed facts. By the pleadings of appellant, his testimony, and the stipulations of the parties, it was conclusively established that: Appellant was employed by Thomas Clinic for a salary of $500 per month and he received no fees; the Clinic was owned by Ralph C. Thomas, who was not a medical doctor and no medical doctor owned any interest in the clinic; appellant performed medical services for the clinic and the fees for such services were collected by the clinic. Such conduct on the part of appellant was in effect "permitting, or allowing, another to use his license or certificate to practice medicine in this State, for the purpose of treating, or offering to treat, sick, injured, or afflicted human beings", which conduct is prohibited by the provisions of Section 12 of Art. 4505, Vernon's Ann.Civ.Stats., and is made a ground for the forfeiture of a license to practice medicine by the provisions of Art. 4506, Vernon's Ann.Civ.Stats. See Section 5, Art. 4505.

This question has not been passed upon in this State, but there is an abundance of authorities from other jurisdictions. For complete annotations, see: State Board of Medical Examiners v. Spears, 1926, 79 Colo. 588, 247 P. 563, 54 A.L.R. 1498, 1516, annotation VII, aiding unlicensed persons to practice unlawfully, 54 A.L.R. 1516; State Board of Dental Examiners v. Savelle, 1932, 90 Colo. 177, 8 P.2d 693, 82 A.L.R. 1176, 1187, annotation VII, aiding unlicensed persons to practice unlawfully, 82 A.L.R. 1187; Rhode Island Bar Association v. Automobile Service Association, 1939, 55 R.I. 122, 179 A. 139, 100 A.L.R. 226, 234; State ex rel. Beck v. Goldman Jewelry Co., 1935, 142 Kan. 881, 51 P.2d 995, 102 A.L.R. 334, 343, annotation—right

of a corporation or individual not himself licensed, to practice optometry through licensed employee, 102 A.L.R. 343; People, by Kerner v. United Medical Service, 1936, 362 Ill. 442, 200 N.E. 157, 103 A.L.R. 1229, 1240, annotation—right of a corporation or an individual not himself licensed, to practice medicine, surgery, or dentistry through licensed employees, 103 A.L.R. 1240; People ex rel. State Board of Medical Examiners v. Pacific Health Corporation, 1938, 12 Cal.2d 156, 82 P.2d 429, 119 A.L.R. 1284, annotation—health service plan as violation of medical practice acts, 119 A.L.R. 1290; State ex rel. Bierring v. Ritholz, 1939, 226 Iowa 70, 283 N.W. 268, 121 A.L.R. 1450, annotation—one who fills prescriptions under reciprocal arrangement with physician or optometrist as subject to charge of practice of medicine or optometry without license, 121 A.L.R. 1455; Silver v. Lansburgh, 72 App.D.C. 77, 111 F.2d 518, 128 A.L.R. 582, 585, annotation—right of a corporation or individual, not himself licensed, to practice optometry through licensed employee, 128 A.L.R. 585; State ex rel. Booth v. Beck Jewelry Enterprise, 1942, 220 Ind. 276, 41 N.E.2d 622, 141 A.L.R. 876, 888, annotation—employing an optometrist, leasing rooms to an optometrist, 141 A.L.R. 888; Hexter Title & Abstract Company v. Grievance Committee, 1944, 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268, 282, annotation—right of corporation to perform or hold itself out as ready to perform functions in the nature of legal services, 157 A.L.R. 282; In re Rothman, 1953, 12 N.J. 528, 97 A.2d 621, 39 A.L.R.2d 1032.

In United States v. American Medical Association, 72 App.D.C. 12, 110 F.2d 703, 714, the Court said:

"The practice of medicine in the District of Columbia is subject to licensing and regulation and, we think, may not lawfully be subjected 'to commercialization or exploitation'. As was well said in People v. United Medical Service, 362 Ill. 442, 200 N.E. 157, 163, 103 A.L.R. 1229, the practice of medicine requires something more than the financial ability to hire competent persons to do the actual work. And so it has been held under varying conditions, speaking generally, that where a corporation operates a clinic or hospital, employs licensed physicians and surgeons to treat patients, and itself receives the fee, the corporation is unlawfully engaged in the practice of medicine. This is true because it has been universally held that a corporation as such lacks the qualifications necessary for a license, and without a license, its activities become illegal. It has also been said that the relationship of doctor and patient, well recognized in the law, would be destroyed by such an arrangement."

See, also, Gobin v. State, 9 Okla.C. 201, 131 P. 546, 44 L.R.A.,N.S., 1089; People ex rel. State Medical Board v. Pacific Health Corp., 12 Cal.2d 156, 82 P.2d 429, 119 A.L.R. 1284; Davis v. Calderwood, 251 Mass. 283, 146 N.E. 708; Parker v. Board of Dental Examiners, 216 Cal. 285, 14 P.2d 67; Pacific Employers Ins. Co. v. Carpenter, 10 Cal.App.2d 592, 52 P.2d 992; Godfrey v. Medical Soc. of New York, 177 App.Div. 684, 164 N.Y.S. 846.

A Texas case which is somewhat analogous, although it relates to the practice of the law, is Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, by the Supreme Court of Texas.

Another case which is very much in point by analogy, from the State of Minnesota, is that of In re Otterness, 181 Minn. 254, 232 N.W. 318, 319, 73 A.L.R. 1319, in which the Court said:

"There can be no objection to the hiring of an attorney on an annual salary basis by banks, other corporations, firms, or individuals, to attend to and conduct its or their legal business. An attorney so employed may, as attorney for his employer, foreclose mortgages owned by such employer, and may include the proper attorney's fees therefor in the foreclosure charges, so long as such fees are covered by and paid to him out of his salary and

do not exceed what is actually paid to him or result in any profit to the employer. See Swift v. Board of County Commissioners, 76 Minn. 194, 78 N.W. 1107. But neither a corporation nor a layman, not admitted to practice, can practice law, nor indirectly practice law by hiring a licensed attorney to practice law for others for the benefit or profit of such hirer. For this bank to employ defendant to conduct law business generally for others, for the benefit and profit of the bank, amounted to the unlawful practice of law by the bank, and was misconduct both on the part of the bank and this defendant, who was a participant therein."

Under the undisputed facts, the peremptory judgment was justified, and therefore the judgment of the trial court is affirmed.