**Frank G. CORTEZ, Appellant,**

v.

**STATE BOARD OF MORTICIANS,**
Appellee.

No. 13270.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 16, 1957.

Writ of Error Dismissed Dec. 11, 1957.

See 308 S.W.2d 12.

Alter & Wadell, Henry Castillo, San Antonio, for appellant.

Allen Melton, George Elliott, Dallas, John G. Murray, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a judgment of the district court in a case appealed by Frank G. Cortez from an order of the State Board of Morticians, cancelling his license as an embalmer and funeral director.

Upon appearance of both parties and announcement of ready in the district court, the appellant requested that the court determine and rule as to which party should proceed first with the testimony. The court ruled that the burden was on appellant, and that he should proceed with the evidence to show that the revocation of his license was not reasonably supported by substantial evidence. Thereupon, appellant refused to put on any evidence, contending that the burden was not on him, and the court without hearing any evidence dismissed the appeal and granted judgment for appellee, State Board of Morticians. In this ruling and judgment, we think the court erred.

The pertinent statute, Art. 4582b, Vernon's Civ.Stats., Acts 1953, 53d Legislature, p. 661, Ch. 251, providing for an appeal to

the district court from such an order of the Board further states: *"When any such appeal is perfected the trial thereon shall be conducted de novo, as in the case of an appeal from the Justice Court to the County Court."* (Emphasis added.)

■ It is well settled that upon the perfection of an appeal from the justice court the judgment of that court is vacated and the parties must proceed as though it had not been rendered. 26 Tex.Jur. 887 § 89, and authorities there cited.

■ Many statutes are in existence relating to appeals from orders and rulings of administrative agencies providing for trial "de novo" and containing such provisions as, "shall be tried and determined as other civil cases in said court," "as in an ordinary civil suit," or "as in other civil suits." In these cases the courts have held that the substantial evidence rule applies. However, we find two other such statutes contain language similar to that used in this case, providing for appeals and trials de novo such as from judgments of the justice court. We must presume that the Legislature had these former statutes and the courts' interpretation thereof in mind and intended to provide, by the language used, for a full and complete trial of the case, disregarding the ruling appealed from. This Court is committed to this view. In Rockett v. Texas State Board of Medical Examiners, Tex.Civ. App., 287 S.W.2d 190, 191, Chief Justice Murray of this Court said:

"There can be no question but that appellant was entitled to a trial 'de novo' in its broadest sense. Art. 4506, Vernon's Ann.Civ.Stats., as amended, Acts 53rd Legislature, 1953, p. 1029, Ch. 426, § 7, provides among other things as follows:

" 'The proceeding on appeal (one for the forfeiture of a medical license) shall be a trial de novo as such term is commonly used and intended in an appeal from the justice court to the county court, * * *.' "

See also State Board of Insurance Commissioners of Texas v. Fulton, Tex.Civ.App., 229 S.W.2d 652, writ ref., where a similar statute was construed.

It was not incumbent upon appellant to put on any testimony in the case until appellee had made out a prima facie case against him.

The judgment is reversed and the cause remanded.