**SOUTHERN CANAL COMPANY,**
Appellant,

v.

**STATE BOARD OF WATER ENGINEERS**
et al., Appellees.

Nos. 10560, 10561.

Court of Civil Appeals of Texas.

Austin.

March 26, 1958.

Rehearing Denied April 16, 1958.

McKay & Avery, Austin, Fulbright, Crooker, Freeman, Bates & Jaworski, John H. Crooker, Wiley Caldwell, Charles D. Boston, Houston, for appellant.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., James W. Wilson, Asst. Atty. Gen., for appellee.

PER CURIAM.

These causes involving the same questions of law and similar facts will be disposed of in one opinion. Appellant, Southern Canal Company has filed separate briefs, which appear identical, whereas appellees, the State Board of Water Engineers and its members, have filed a single brief. Both causes were argued orally as one suit.

Canal's single Point of Error is:

"The Honorable Trial Judge erred in sustaining the Board's Plea to the Jurisdiction and in holding that the Courts do not have jurisdiction of Appellant's suit to review and set aside the order, decision and action of the State Board of Water Engineers which denied and refused Appellant's application for a Permit to appropriate surplus waters from the Trinity River as referred to in Appellant's District Court petition; and such action of the Trial Court should be reversed."

The Board's plea to the jurisdiction, sustained by the Trial Court, reads:

"Defendants plead to the Court's jurisdiction for the reason that this suit purports to be an action for review of an order of the State Board of Water Engineers denying an application for a permit to appropriate and divert public waters, and under the Constitution and Statutes of the State of Texas, the Courts are without jurisdiction of such suits."

The only statutes called to our attention and argued by the parties are statutes which purport to give the Trial Court jurisdiction. These statutes are Secs. 12 and 13, Art. 7477, Vernon's Ann.Civ.St., enacted as a part of a more comprehensive Act in 1953.[1] We quote them in their entirety:

"(12) Any person affected by any ruling, order, decision, or other act of the Board, may, within one hundred and twenty (120) days after the date on which such act is performed, or, in case of a ruling, order, or decision, within one hundred and twenty (120) days after the effective date thereof, file a petition in an action to review, set aside, modify, or suspend such ruling, order, decision, or other act. Or any party affected

---

1. Acts 53 Leg., Reg.Sess. Ch. 357, H.B. 452.

by the failure of the Board to act in a reasonable time upon an application to appropriate water, or to perform with reasonable promptness any other duty imposed by this Chapter, may file a petition in an action to compel the Board to show cause why it should not be directed by the court to take immediate action. The venue in any or all such actions is hereby fixed exclusively in the District Court of Travis County, Texas.

"(13) In all suits brought to review, modify, suspend or set aside rules and regulations, orders, decisions, or other acts of the Board, the trial shall be de novo, as that term is used and understood in an appeal from a Justice of the Peace Court to the county court. In such de novo trials, no presumption of validity or reasonableness or presumption of any character shall be indulged in favor of any such order, rule or regulations, but evidence as to the validity or reasonableness thereof shall be heard and the determination in respect thereto will be made upon facts found therein, as in other civil cases, and the procedure for such trials and the determination of the orders and judgments to be entered therein shall be governed solely by the rules of law, evidence and procedure prescribed for the courts of this State by its Constitution, Statutes and rules of procedure applicable to the trial of civil actions. It is the intent of the Legislature that such trial shall be strictly de novo and that the decision in each such case shall be made independently of any action taken by the Board, upon a preponderance of the evidence adduced at such trial and entirely free of the so-called 'substantial evidence' rule enunciated by the courts in respect to orders of other administrative or quasi-judicial agencies."

Section 14 of the same Act provides for an appeal to the Court of Civil Appeals and the Supreme Court from adverse judgments of the District Court.

The Board contends that Secs. 12, 13 and 14, supra, are unconstitutional. Its position is stated in its brief in this language:

"The courts are without jurisdiction of these suits for the reason that the application of the judicial review provisions of Article 7477 to the permit functions of the Board of Water Engineers would require the Court to perform non-judicial duties in violation of the separation of powers provisions of the Texas Constitution.

"There has been an increasing tendency on the part of the Legislature in recent years to attempt to legislate out of existence the principle of law which limits the inquiry of a court reviewing administrative action to a determination of whether the agency's action is arbitrary, capricious or unsupported by substantial evidence. The provisions for judicial review in Article 7477 represent the culmination of this legislative insistence on abolition of the substantial evidence rule."

■ We agree with the Board that Section 13 is unconstitutional in that it violates Art. II, Sec. 1, of the Constitution of Texas, Vernon's Ann.St., which provides:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confined to a separate body of magistracy, to wit: those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power prop-

erly attached to either of the others, except in the instances herein expressly permitted."

Canal in these cases had sought to procure from the Board a Water Permit authorizing the withdrawal of a quantity of unappropriated water from the Trinity River. Its application was denied by the Board and these suits were filed in the Court below in the nature of an appeal from the order of the Board.[2]

■ It is not contended by either party that the action of the Board was in any sense judicial. It is conceded by them that the Board in passing on Canal's application was acting in a purely administrative capacity under delegated statutory authority.[3] Motl v. Boyd, 116 Tex. 82, 286 S.W. 458. The administration of laws belongs to the executive branch of government.

If Sec. 13, supra, attempts to place upon the courts the duty of administering the water laws here involved then it is not valid insofar as it does so. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505; Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W. 2d 788; Wolf v. Young, Tex.Civ.App. San Antonio, 277 S.W.2d 744, writ ref., N.R.E. Many other cases could be cited.

Canal refers us to Texas & N. O. R. Co. v. Railroad Commission, Tex.Sup., 286 S.W.2d 112, and State Board of Insurance Commissioners of Texas v. Fulton, Tex.Civ.App. Waco, 229 S.W.2d 652, writ ref., N.R.E., 149 Tex. 347, 234 S.W.2d 389.

The first case involved the fixing of freight rates in which the Court held that the substantial evidence rule should not

be used in determining the reasonableness of rates. That case has ·a very lengthy judicial history and it would avail us nothing to review it because this is not a rate case and if the principle of that case is inconsistent with the principles applicable here it is a matter this Court is unable to resolve.

In the Waco case the Court held that the substantial evidence rule did not apply to an appeal under Art. 5062b, Sec. 18, V.A.C.S., now Sec. 18, Art. 21.14 of the Insurance Code. The Court, in sustaining the Trial Court in vacating an order of the Board stated: "We have examined the evidence introduced in the trial court and are of the view that the evidence is sufficient to sustain the decree of the trial court * * *." [229 S.W.2d 654.] It is possible that the Supreme Court weighed the evidence under the substantial evidence rule and found it to justify the judgment. We have no way of knowing. We cannot follow this opinion if it holds that the preponderance of the evidence rule was properly applied in reviewing a purely administrative order of the Board in view of the authorities previously cited.

In writing Section 13, supra, the Legislature could not have used language which more clearly expressed its intent that appeals taken under preceding Section 12 should be tried under the preponderance of the evidence rule and not under the substantial evidence rule. We respect that intent and will not undertake to construe it away or write around it. In our opinion, however, it collides head-on with the constitutional provision above quoted.

Under the preponderance of the evidence rule as used in court the jury or in its absence a judge weighs the evidence and finds the facts and judgment is ren-

2. This general statement is without prejudice to the Board's Second Plea to the jurisdiction later noticed.

3. Art. 7492 et seq., V.A.C.S.

dered accordingly. This is exactly what an administrative board, such as appellee, does in passing on matters within the scope of its authority.

It necessarily follows that if the preponderance of the evidence rule should be applied in appeals from administrative boards that the court and its processes would supplant the board.

This cannot constitutionally occur.

■ Having held Sec. 13 unconstitutional as applied to this appeal it is now incumbent upon us to determine the effect of this holding upon Secs. 12 and 14.

It is to be noted that both parties disavow any attempt to invalidate, in its entirety, the 1953 Amendment of Art. 7477.

Canal contends that Secs. 12, 13 and 14 are severable and that 12 and 14 can stand even though Sec. 13 is held invalid.

The Board contends that these sections are so interdependent that if one falls all must fall insofar as this appeal is concerned.

We cannot agree with the Board because the effect of such holding would be to endow the Board with autocratic, omnipotent and final authority in and over matters about which the Legislature had ordained that it should have virtually no power.

We cannot conceive of a more arbitrary repudiation of legislative intent if we were to hold as the Board urges.

■ In City of Taylor v. Taylor Bedding Mfg. Co., Tex.Civ.App., 215 S.W. 2d 215, 217, writ ref., we referred to what we then thought and now think to be the proper guide in determining the question of severability here presented. We quote from that opinion:

"The rule to be applied is well stated in San Antonio Independent School District v. State, Tex.Civ. App. San Antonio, 173 S.W. 525, 529, writ ref., as follows: ' * * * where part of a statute is unconstitutional and the remainder is constitutional, if the two parts can be possibly separated courts should do so, and not permit the invalid part to destroy the whole law. If, after the elimination of the invalid part of the law, there remains an intelligible and valid statute capable of being placed in execution and conforming to the general purpose and intent of the Legislature, the law will not be destroyed, but held to be valid and binding except as to the excised part.' "

In Harris County Water Control and Improvement District No. 39 v. Albright, 153 Tex. 94, 263 S.W.2d 944, 947, the Court stated:

"We will hold it separable unless it appears that the legislature would not have enacted the section without the offending provision, or that the remainder does not present an independent, complete and workable whole without it."

Eliminating Sec. 13 leaves an intelligible, valid scheme for reviewing acts of the Board consistent with the general purpose and intent of the Legislature. This general purpose and intent being, as we view the Act, to create a Board whose decisions should be subject to judicial review.

By eliminating Sec. 13 and substituting therefor the substantial evidence rule, a creation of the courts, we do not enlarge the scope of judicial review as prescribed by the Legislature, rather we restrict it.

We cannot in good conscience say that we believe the Legislature denied a whole loaf would not accept half a loaf rather than have no loaf at all.

■ The Board's second plea to the jurisdiction of the Trial Court follows:

"In the alternative, Defendants plead to the Court's jurisdiction of this suit and would show that while the Plaintiff's Petition purports to be an action for review of an order of the State Board of Water Engineers denying Plaintiff a Permit to appropriate and divert water from the Trinity River in the amount of 6,000 acre feet per annum for municipal use and 50,000 acre feet per annum for industrial use, a total of 56,000 acre feet per annum, such water to be beneficially used in Chambers County, Texas, and in connection therewith to construct an off-channel storage reservoir with a capacity of 44,000 acre feet, the Plaintiff has made no application to the said Board for such a Permit, and the said Board has entered no order denying any application of Plaintiff for such a Permit. In its order dated March 18, 1957, the said Board denied Application No. 1990 of Southern Canal Company for a Permit to appropriate and divert water from the Trinity River in the amount of 50,000 acre feet per annum for municipal use and 174,110 acre feet per annum for industrial use, a total of 224,110 acre feet per annum, such water to be beneficially used in Harris and Chambers Counties, Texas, and in connection therewith to construct two off-channel reservoirs with capacities of 80,000 acre feet and 22,000 acre feet, but did not deny any application of the nature of that set forth in Plaintiff's Petition. Accordingly, this suit is in substance and effect an application for a Permit different from any for which application has been made to the said Board by Plaintiff, and this Court has no jurisdiction to grant such Permit and has no jurisdiction of suits seeking Permits for which no application to the State Board of Water Engineers has been made. True copies of Application No. 1990 and the order of the said Board dated March 18, 1957, denying said Application are attached hereto as Exhibits 'A' and 'B'."

This plea was not determined by the Trial Court.

In our opinion this plea raises issues of fact which should be determined by the Trial Court after a full hearing and having due regard for the right of either party to amend its pleadings.

The judgment of the Trial Court is reversed and this cause is remanded for trial under the substantial evidence rule as announced by the Courts of this State.

Reversed and remanded.