**STATE of Texas, Acting By and Through STATE BOARD OF MORTICIANS, Appellant,**

v.

**Frank G. CORTEZ, Appellee.**

**No. 13442.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 21, 1959.

Rehearing Denied April 1, 1959.

Allen Melton, Dallas, for appellant.

Glenn B. Lacy, Albert De La Garza, Jr., San Antonio, for appellee.

POPE, Justice.

State Board of Morticians appealed from an order which denied its prayer for a temporary injunction. The injunction was sought on the grounds that Frank G. Cortez was operating without the licenses required by the laws of Texas. The point in the case resolves itself into an issue whether, at the time of the injunction hearing, Cortez did or did not have the required licenses. That point turns upon the effect of an appeal from an order of the Board revoking the licenses. Art. 4582b. Vernon's Tex.Civ.Stats.

During January, 1957, the State Board of Morticians, after a hearing, revoked the funeral director's license and also the embalmer's license held by Frank G. Cortez. Cortez then appealed from those orders of cancellation, as permitted by Art. 4582b. In that trial on appeal to the District Court the burden was cast upon Cortez to prove that the revocation orders were not reasonably supported by substantial evidence. On appeal to the Court of Civil Appeals, this Court held that the appeal from the Board to the district court required that the trial, in the words of the particular statute, "be conducted de novo, as in the case of an appeal from the Justice Court to the County Court." The appeal was a pure "de novo" appeal rather than a "substantial evidence" appeal. Cortez v. State Board of Morticians, Tex.Civ. App., 306 S.W.2d 243; Rockett v. Texas State Board of Medical Examiners, Tex. Civ.App., 287 S.W.2d 190. Accordingly, this Court remanded the case to the district court for a proper trial, and it has not yet been tried.

The Board's point is that Cortez is acting as a funeral director and embalmer, and is maintaining a funeral establishment without licenses, and that it is, therefore, entitled to a temporary injunction. The appeal from the Board order, as is the case of an appeal from a justice to a county court, vacated the order of cancellation. Cortez v. State Board of Morticians, supra. The Supreme Court in Southern Canal Company v. State Board of Water Engineers, Tex.Sup., 318 S.W.2d 619, 622, has further explained the meaning of Section 16, Article 5, of the Constitution, Vernon's Ann.St., which provides for trials de novo in appeals from Justice Court judgments, saying:

"In interpreting and applying that provision it is held that the perfection of an appeal from a judgment of a Justice Court to a County Court *annuls* the Justice Court judgment. Bender Bros. v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395, 396;

Harter v. Curry, 101 Tex. 187, 105 S.W. 988."

It follows that the orders of the Board which cancelled Cortez's licenses were annulled by his appeal to the district court. We remanded the case in October, 1957, 306 S.W.2d 243, and the Supreme Court dismissed the writ of error in December, 1957, Tex.Sup., 308 S.W.2d 12. Until that case is brought to trial de novo and judgment is rendered cancelling the licenses, Cortez's licenses have not been revoked. Since the Board's prayer for injunction depended upon its proof that Cortez was operating without licenses, the trial court properly denied the injunction.

The judgment is affirmed.

### On Motion for Rehearing

In the prior Cortez appeal this Court held that a de novo appeal, "as in the case of an appeal from the Justice Court to the County Court," was a pure de novo appeal. Cortez v. State Board of Morticians, Tex.Civ.App., 306 S.W.2d 243. As such, the appeal vacated former orders. In that case appellant urged no point concerning the constitutionality of a de novo appeal. In the present appeal there was no such point. On this motion for rehearing the problem of a separation of judicial and executive powers is raised for the first time. This is an appeal from a denial of a temporary injunction, and the trial court correctly held that the former Cortez appeal settled the rules by which this case should be tried.

"The majority of the jurisdictions which have passed on the question hold that where a decision is rendered by an intermediate court, and appeal or other remedy is open to the losing party to have that decision reviewed in the court of last resort, if he fails to avail himself thereof, but allows the case to be remanded for further proceedings, and thereafter appeals again to the intermediate court and thence to the court of last resort, the points decided by the intermediate court on the first appeal will be regarded as the law of the case in the court of last resort, and will not there be re-examined." 3 Am. Jur., Appeal and Error, § 988.

The motion for rehearing is overruled.

W. O. MURRAY, Chief Justice (dissenting).

I am of the opinion that our decision in Cortez v. State Board of Morticians, Tex. Civ.App., 306 S.W.2d 243, writ dismissed, Tex.Sup., 308 S.W.2d 12, is erroneous.

The result of that opinion is to require the trial court to substitute its findings for the findings made by the Board of Morticians and to enter judgment accordingly. The Supreme Court did not pass upon the merits of our opinion in that case, but dismissed the application because no motion for a rehearing had been filed therein in this Court. This is an unfortunate situation, because up to now the Supreme Court has given no intimation as to whether it approves or disapproves our opinion.

I also think this Court was in error in Rockett v. Texas State Board of Medical Examiners, Tex.Civ.App., 287 S.W.2d 190, opinion written by the writer of this dissenting opinion, wherein it was held that Dr. Rockett was entitled to a trial de novo, not under the substantial evidence rule. However, our disposition of that case rendered this erroneous statement of the law immaterial, and the Supreme Court refused an application for a writ of error with the notation, "no reversible error." The question of the unconstitutionality of the provision for an appeal "the same as from the justice court to the county court" was not raised, as I recall the record in that case.

Since the Supreme Court affirmed the Austin Court of Civil Appeals in Southern Canal Company v. State Board of Water Engineers, 318 S.W.2d 619, Court of Civil Appeals opinion, 311 S.W.2d 938, I am definitely of the opinion that the general rule with reference to appeals from the

orders of administrative agencies to courts, is that where the Legislature has given fact finding powers to an administrative agency, such as the State Board of Morticians, with reference to purely administrative duties, the findings of fact of that agency are binding upon the courts if supported by substantial evidence. In such an appeal the court has no power to substitute its findings for those of the Board and render judgment upon its own findings. This would violate the Constitution, Art. 2, § 1, providing for a separation of the powers of government. Southern Canal Company v. State Board of Water Engineers, Tex.Civ.App., 318 S.W.2d 619, affirming the Court of Civil Appeals, 311 S.W.2d 938; Fuller v. Mitchell, Tex.Civ.App., 269 S.W.2d 517; City of Waco v. Akard, Tex.Civ.App., 252 S.W.2d 496, and authorities there cited. In Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, at page 696, the Supreme Court said:

"Under our practice, as shown by the Shupee case, supra, [Shupee v. Railroad Commission of Tex., 123 Tex. 521, 73 S.W.2d 505], a court is not an administrative agency, and therefore in administrative matters it does not substitute its judgment and discretion for the judgment and discretion of a duly constituted administrative agency of the State. Gulf Land Co. v. Atlantic Ref. Co., 134 Tex. 59, 131 S.W.2d 73, 82. It follows that in an administrative matter the judgment and discretion of the State's administrative agency must prevail in cases where the evidence is conflicting."

Hawkins v. Tex. Co., 146 Tex. 511, 209 S.W.2d 338; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Texas Liquor Control Board v. Johnson, Tex.Civ.App., 298 S.W.2d 227; Texas Co. v. Texas Employment Comm., Tex.Civ.App., 261 S.W. 2d 178; Smith County Oil & Gas Co. v. Humble Oil & Ref. Co., Tex.Civ.App., 112 S.W.2d 220; 1 Tex.Jur. Ten-Year Supp., 1937–1947, p. 124, and authorities there cited; 42 Am.Jur. pp. 563, 564, §§ 190, 191.

In Southern Canal Co. v. State Board of Water Eng., Tex.Civ.App., 318 S.W.2d 619, 625, Justice Calvert, speaking for the Supreme Court, has this to say:

"If the Legislature truly wishes to provide for a strict de novo trial of the statutory issues decided by the Board, it can easily so provide. It can provide, for instance, that when suit is filed and the District Court acquires jurisdiction the Board's order shall be null and void and of no force or effect and that the applicant's right to a permit shall be determined by the court upon a trial of the statutory issues conducted under rules governing the trial of other civil suits, just as though the matter had been committed to the courts in the first instance and there had been no intervening decision by the Board. No doubt before enacting such a statutory provision the Legislature would give careful consideration to some of its consequences—that decision of technical matters would be removed from the hands of trained personnel and lodged with the untrained; that an administrative agency of its own creation would become a useless appendage; and that whereas on conflicting testimony one judge or jury could and well might determine, for example, that there was not sufficient unappropriated water to justify the granting of a permit, or that the granting of the permit would be detrimental to the public welfare, another judge or jury trying the right to a subsequent application, on the same evidence, would determine that there was sufficient unappropriated water to require the granting of the permit and that the granting of it would not be detrimental to the public welfare. And even if enacted, the courts would still have to decide whether such a statute contravened Section 1 of Article 2 of the Constitution.

To hold that Sec. 4, Subdivision (4), of Article 4582b, Vernon's Texas Civil Statutes, wherein it provides, "When any such appeal is perfected the trial thereon shall be conducted de novo, as in the case of an appeal from the Justice Court to the County Court," means exactly what it says, and that it does not violate Sec. 1 of Art. 2 of the State Constitution is to say that power is properly placed in the judiciary to administer all of the duties given by Art. 4582b to the State Board of Morticians. All that a funeral director or an embalmer who is dissatisfied with an order of the Board of Morticians would have to do, would be to perfect an appeal to the district court, and this would render the Board, to use Justice Calvert's language, "a useless appendage," and thereafter the matter would be entirely in the hands of the judiciary, just as though the Board had never acted. The result unquestionably would be to place upon the judiciary the duty of administering the law relating to morticians, that the Legislature clearly intended should be administered by the State Board of Morticians, which it created for that very purpose.

The many cases heretofore cited clearly demonstrate that the judiciary cannot properly have jurisdiction over purely administrative matters which have been delegated to administrative agencies. The judicial review must necessarily be under the substantial evidence rule.

In 42 Am.Jur. p. 563, § 190, we find the following statement:

"It is a well-settled general principle that nonjudicial functions cannot be exercised by or imposed upon courts, and statutes which attempt to make a court play a part in the administrative process by conferring upon it administrative or legislative, as distinguished from judicial, functions may contravene the principle of separation of powers among the different branches of our government."

This brings us to a consideration of what to do about this provision which the Legislature has clearly set out in Art. 4582b. We must either declare the entire Act or only this provision unconstitutional and void. I prefer that we do the latter. The original Act, 53rd Legislature, Regular Session 1953, Chapter 251, p. 661, titled "State Board Of Morticians—Licenses—Embalmers And Funeral Directors," contains this provision:

"Sec. 7. Should any provisions of this Act be held to be invalid by a court of competent jurisdiction, for any reason, such holding shall not affect the validity of any remaining portion of this Act, it being the legislative intent that this Act shall stand, notwithstanding the validity of any such provision or section thereof.

"Every provision of this Act, every section and every part of every section is hereby declared to be independent insofar as this relation shall be necessary to the validity of this Act; and the fact that any provision, section or part of any section is void, shall not be held to invalidate any other provision hereof."

Thus our duty is made clear. We should strike out the sentence, "When any such appeal is perfected the trial thereon shall be conducted de novo, as in the case of an appeal from the Justice Court to the County Court," and leave the remainder of the Act standing just as it was written by the Legislature.

When this is accomplished, it would then be our duty to reverse the judgment of the trial court and here order the injunction prayed for issued.

I do not concur in the opinion of the majority.