

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 2, 1961

Honorable Bill Hollowell
Chairman, State Affairs Committee
House of Representatives
Austin, Texas

Opinion No. WW-1045

Re: Constitutionality of House
Bill 828 of the 57th Legis-
lature, relating to licensing
of clinical laboratories and
Dear Mr. Hollowell:         clinical laboratory directors.

You have requested an opinion on the constitutional-
ity of House Bill 828 of the 57th Legislature which provides
for a licensing of clinical laboratories and clinical labora-
tory directors through the Texas State Health Department.

A clinical laboratory and clinical laboratory direc-
tor are defined in Section 2 of the Act as follows:

"(b) 'Clinical Laboratory' means
any place, establishment or institution
organized and operated for the practical
application of one or more of the funda-
mental sciences by the use of specialized
apparatus, equipment and methods for the
purpose of obtaining scientific data which
may be used by a licensed physician as an
aid in ascertaining the presence, progress
and/or source of disease in human beings,
or the state of health of an individual;
provided, however, x-ray laboratories shall
not be included in this definition.

"(c) 'Clinical Laboratory Director'
means any person licensed under this chapter
to engage in the direction of a clinical
laboratory."

Other sections of the Act make it unlawful to operate a clinical laboratory or act as a director of such unless duly licensed by the licensing agency, the State Health Department, and give to the Health Department certain authority in connection with the applications for and issuance of the licenses and the establishment of rules and regulations necessary for the proper administration of the provisions of the Act.

House Bill 828 contains but one subject which is expressed in its title and the body of the Bill conforms to the caption and is, therefore, in compliance with the provisions of Section 35 of Article III of the Constitution of Texas.

Section 31 of Article XVI of the Constitution of Texas provides:

"The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine."

In view of the provisions of Section 31 of Article XVI above quoted, the Legislature is not authorized to allow individuals to practice medicine without requiring such individuals to meet the requirements for license to practice medicine. Wilson v. State Board of Naturopathic Examiners, 298 S.W.2d 946 (Civ.App. 1957, error ref., n.r.e., cert.den., 355 U.S. 870, reh.den., 355 U.S. 920); Schlichting v. Texas State Board of Medical Examiners, 158 Tex. 279, 310 S.W.2d 557 (1958).

In view of the foregoing, the constitutionality of House Bill 828 is dependent on whether its provisions would authorize an individual licensed thereunder, to perform acts which constitute the practice of medicine as defined by Article 4510, Vernon's Civil Statutes and Article 741, Vernon's Penal Code.

In construing the provisions of the Medical Practice Act, it was held in F.W.B. Rockett, M.D. v. State Board of Medical Examiners, 287 S.W.2d 190 (Civ.App. 1956, error ref., n.r.e.):

". . . By the pleadings of appellant, his testimony, and the stipulations of the parties, it was conclusively established

that:   Appellant was employed by Thomas
Clinic for a salary of $500 per month
and he received no fees; the Clinic was
owned by Ralph C. Thomas, who was not a
medical doctor and no medical doctor owned
any interest in the clinic; appellant per-
formed medical services for the clinic and
the fees for such services were collected
by the clinic.  Such conduct on the part
of appellant was in effect 'permitting,
or allowing, another to use his license
or certificate to practice medicine in
this State, for the purpose of treating,
or offering to treat, sick, injured, or
afflicted human beings', which conduct is
prohibited by the provisions of Section 12
of Art. 4505, Vernon's Ann.Civ.Stats., and
is made a ground for the forfeiture of a
license to practice medicine by the pro-
visions of Art. 4506, Vernon's Ann.Civ.Stats.
See Section 5, Art. 4505."

See also Kee v. Baber, 157 Tex. 387, 303 S.W.2d 376
(1957); Texas State Board of Examiners in Optometry v. Carp,
—Tex.—, 343 S.W.2d 242 (1961); and Attorney General's Opin-
ion No. WW-278 (1957).

While the definitions in Section 2 do not clearly
specify or limit all acts which might or might not be performed
by a clinical laboratory, it is noted that Section 15 of House
Bill 828 specifically provides:

"Nothing in this Act or the licensing
hereunder shall be construed as authorizing
or permitting any person to practice medi-
cine or to furnish the services of a physician
for the practice of medicine, and nothing in
this Act shall repeal or in any manner affect
any provision of the code relating to the prac-
tice of medicine, and nothing in this Act
shall affect any clinical laboratory or lab-
oratories operated by the State of Texas, the
Federal Government, or any subdivision thereof,
or a physician licensed in the arts of healing.
All laboratory work done by clinical labora-
tories licensed hereunder shall be done only
upon request of a physician licensed in the
healing arts by the State of Texas, or a phy-
sician licensed in the state in which he
practices, and all reports of the findings
made in the tests conducted by the laboratory
shall be reported only to the person requesting

said test or to the person or persons
designated by the person making such
request."

In view of the provisions of Section 15, an individual
licensed in accordance with the provisions of House Bill 828
is not permitted to perform any act which would constitute the
practice of medicine in this State. On the contrary, such
individuals perform chemical analyses and tests conducted by
the laboratory for the use and benefit of individuals licensed
to practice medicine in this State. Therefore, it is our opin-
ion that the provisions of House Bill 828 do not violate the
provisions of Section 31 of Article XVI of the Constitution of
Texas.

We do not find any provision in House Bill 828 which
violates any other provision of the Constitution of Texas and
you are, therefore, advised that its provisions are constitu-
tional and valid.

## SUMMARY

House Bill 828 of the 57th Legis-
lature, relating to licensing of
clinical laboratories, does not
authorize the performance of acts
which constitute the practice of
medicine and is, therefore, not in
violation of Section 31 of Article
XVI of the Constitution of Texas
and its provisions are constitu-
tional and valid.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
    Assistant

JR:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Leon Pesek
Jack Price
Ray Loftin
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Morgan Nesbitt