Honorable William L. Ferguson County and District Attorney Rusk County Courthouse Henderson, Texas 75652
Re: Authority of the Texas Department of Health to issue to a non-physician a permit to dispense synthetic narcotics (RQ-1621)
Dear Mr. Ferguson:
 You ask whether the Department of Health is authorized to issue permits for prescribing and administering synthetic narcotic drugs to drug dependent persons under V.T.C.S. article 4476-11 to corporations formed by non-physicians which employ physicians to perform the medical services rendered to the corporations' clients. We conclude that the Department of Health does not have such authority.
Section 4(a) of article 4476-11 provides in relevant part:
 Any physician licensed by the Texas State Board of Medical Examiners or any institution, public or private, organized and operated under the laws of this state for the purpose of providing health services may apply to the department on forms approved by the department for a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons. The department shall issue a permit to applicants qualified according to its rules, regulations, and standards.
Arrangements by which a corporation formed by non-physicians employs physicians to render medical services to the corporation's clients consistently have been held to constitute both the unlawful practice of medicine by the corporation and a violation by the employee physician of the prohibitions in section 3.08(12) of the Medical Practice Act, V.T.C.S. article 4495b, on a physician's "permitting or allowing another to use his license or certificate to practice medicine in this state," and in section 3.08(15) on "aiding or abetting, directly or indirectly, the practice of medicine by any person, partnership, association, or corporation not duly licensed to practice medicine."[1] See Garcia v. Texas State Bd. of Medical Examiners, 384 F. Supp. 434 (W.D.Tex. 1974), aff'd, 421 U.S. 995
(1975); Flynn Bros., Inc. v. First Medical Assoc., 715 S.W.2d 782
(Tex.App.-Dallas 1986, writ ref'd n.r.e.); Watt v. Texas State Bd. of Medical Examiners, 303 S.W.2d 884 (Tex.Civ.App.-Dallas 1957, error ref'd), cert. denied, 356 U.S. 912 (1958); F.W.B. Rockett, M.D. v. Texas State Bd. of Medical Examiners, 287 S.W.2d 190
(Tex.Civ.App.-San Antonio 1956, writ ref'd n.r.e.); Attorney General Opinion WW-278 (1957).[2]
The Garcia court articulated the policy considerations underlying these restrictions on the "corporate practice of medicine" as follows:
 Without licensed, professional doctors on Boards of Directors, who and what criteria govern the selection of medical and paramedical staff members? To whom does the doctor owe his first duty — the patient or corporation? Who is to preserve the confidential nature of the doctor-patient relationship? What is to prevent or who is to control a private corporation from engaging in mass media advertising in the exaggerated fashion so familiar to every American? Who is to dictate the medical and administrative procedures to be followed?
Where do budget considerations end and patient care begin?
Garcia, at 440. See also the discussion in Flynn Brothers, quoting with approval the above language from Garcia, at 785.
A letter-brief submitted in response to your request suggests that the above-quoted language of article 4476-11 "provides a clear indication of the Legislature's intent to provide the Health Department with this authority, provisions of the Medical Practice Act of Texas notwithstanding." We disagree. Acts in pari materia are to be read together as though they were parts of one and the same law, and their provisions harmonized if possible so as to give effect to both. See 53 Tex.Jur.2d Statutes § 186, and authorities cited there. See also Gov't Code §§ 311.025, 311.026 (providing for the harmonization, if possible, of different statutory provisions). We think that the provisions of section 4(a) of article 4476-11 for the issuance by the Department of Health of a permit to "any institution, public or private, organized and operated under the laws of this state for the purpose of providing health services," must be read together with the restrictions in the Medical Practice Act on the provision of health services by corporations. An institution not in compliance with the Medical Practice Act, because it is formed by non-physicians and employs physicians to render medical services to its clients, is not "an institution organized and operated under the laws of this state for the purpose of providing health services" within the meaning of article 4476-11 and is thus not eligible to be issued a permit under that article by the Department of Health.
The letter-brief submitted in response to your request also points to rules adopted by the Federal Food and Drug Administration and Drug Enforcement Administration. See 21 C.F.R. § 291.505. Those rules implement the provisions of the United States Code, volume 21, section 823(g), which requires "practitioner who dispense narcotic drugs to individuals for maintenance treatment or detoxification treatment" to obtain separate registration from the U.S. Attorney General under standards established by the Secretary of the Department of Health and Human Services and the Attorney General. Subsection (c) of section 291.505 of the Code of Federal Regulations provides in part with regard to applicants for registration that:
 An individual listed as program sponsor for a treatment program using methadone need not personally be a licensed practitioner but shall employ a licensed physician for the position of medical director.
Section 291.505 was "adopted by reference" in rules promulgated by the Department of Health at 25 T.A.C. section 229.141 among rules adopted to implement article 4476-11[3], V.T.C.S.
The letter-brief suggests that
 Even if it were determined that the prohibition of the corporate practice of medicine under state law must be applied to physicians who are employed by nonphysician permit-holders under Article 4476-11, the Supremacy Clause of the U.S. Constitution would seem to require that a Texas statute which frustrates or conflicts with the lawful objective of a federal statute may not be enforced.
Again, we disagree. The United States Code, volume 21, section 903, provides with respect to the provisions of subchapter I, chapter 13, title 21, of which the above referenced section 823(g) is a part, as follows:
 No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.
We find no "positive conflict" between the federal registration requirement of section 823(g) as implemented by, inter alia 21 C.F.R. § 291.505(c), and the separate state permitting requirements of article 4476-11 as limited by the provisions of the Medical Practice Act. We think that section 9.03 indicates that the federal standard for federal registration of applicants would not preempt or otherwise invalidate more restrictive state law governing a state's issuance of a separately required state permit. See Nichols v. Board of Pharmacy, 657 P.2d 216
(Or.Ct.App. 1983, pet. denied), (section 9.03 "expressly permits additional state regulation," at 219). See also 21 C.F.R. s 291.505(c)(5) (providing that treatment programs to be approved for federal purposes "must conform to all State requirements" for conducting such programs).
 SUMMARY
The Department of Health has no authority to issue permits to prescribe and administer synthetic narcotic drugs to drug dependent persons under V.T.C.S. article 4476-11, to corporations formed by non-physicians which employ physicians to render the medical services in question.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] Section 3.08 makes such conduct grounds for the board's refusal to admit a person to its examinations or to issue a license or renewal license to practice medicine. Section 3.07(f) provides that conduct described in inter alia subsections (12) and (15) of section 3.08 is unlawful.
[2] We note that section 3.06(12) authorizes the board to exempt certain activities from the application of the Medical Practice Act. We find no indication that the board has exempted the activities of such corporations as you refer to in your request.
[3] Section 229.141 refers to 21 C.F.R. § 310.505. That regulation was redesignated as 21 C.F.R. § 291.505 in 1977. See42 Fed. Reg. 46698.