**In re Angie P. GARZA and Yvonne Garza, Relators,**

No. 13–99–058–CV.

Court of Appeals of Texas, Corpus Christi.

March 17, 1999.

Abraham Moss, Pruett Moore, III, Corpus Christi, for relators.

Marisela Saldana, Corpus Christi, for respondent.

Bradford M. Condit, Corpus Christi, for real parties in interest.

Before Chief Justice SEERDEN and Justices HINOJOSA and YAÑEZ.

## OPINION

HINOJOSA, J.

Relators, Angie P. Garza and Yvonne Garza, filed a petition for writ of mandamus asking this Court to order the respondent, the Honorable Marisela Saldaña, Judge of the County Court at Law No. 3 of Nueces County, Texas, to vacate an order signed on December 10, 1998 and certain portions of an order signed on May 22, 1996. The 1996 order dismissed the underlying case[1] which was pending before the county court, and the 1998 order granted the second motion to compel and motion for contempt of the real party-in-interest, Wanda Johnson, d/b/a Wanda Johnson Realtor. Johnson has filed a response to relators' petition for writ of mandamus. *See* Tex.R.App.P. 52.4. Without hearing oral argument, we conditionally grant relators' petition for writ of mandamus. Tex.R.App.P. 52.8.

On August 25, 1995, Johnson obtained a judgment against the Garzas from a justice court in Nueces County. The Garzas timely perfected an appeal to the county court. On May 22, 1996, after seven months of inactivity, the county court granted Johnson's motion to dismiss for want of prosecution. The dismissal order declared "the judgment entered by the Justice of the Peace on August 24, 1995[,] is in full force and effect." On December 10, 1998, the county court ordered the Garzas to submit to post-judgment depositions and to pay sanctions in the amount of $500. The Garzas ask this Court to order the county court to set aside the portion of the May 1996 order reinstating the justice court judgment and to vacate the December 1998 order.

By two issues, the Garzas contend the county court abused its discretion: (1) by reinstating the justice court judgment when the appeal before the county court was dismissed and (2) by rendering and signing the December 10, 1998 order.

 This Court has authority to issue writs of mandamus against a county court judge in our court of appeals district. *See* Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp.1999). Mandamus is available in limited circumstances when necessary to correct a clear abuse of discretion. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996). A clear abuse of discretion is found only when an action is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). When the trial court erroneously interprets or incorrectly applies the law, there is an abuse of discretion and mandamus is an available remedy. *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996); *TransAmerican Natural Gas Corp.*

---

1. Cause no. 95–1443–3; *Wanda Johnson d/b/a Wanda Johnson Realtors v. Angie Garza and* *Yvonne Garza.*

v. *Flores,* 870 S.W.2d 10, 12 (Tex.1994); *Jack B. Anglin Co., Inc. v. Honorable Arthur Tipps, Judge,* 842 S.W.2d 266, 271 (Tex.1992). Mandamus relief is also available when a trial court enters a void judgment or order. *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Tex.,* 162 Tex. 613, 350 S.W.2d 330, 331–32 (1961).

 When an appeal from a justice court judgment is perfected in a county court, the judgment of the justice court is annulled. *Richard v. Taylor,* 886 S.W.2d 848, 851 (Tex.App.—Beaumont 1994, writ denied); *Advance Imports, Inc. v. Gibson Prod. Co., Inc. of Sherman,* 533 S.W.2d 168, 170 (Tex.Civ.App.—Dallas 1976, no writ); *Cortez v. State Bd. of Morticians,* 306 S.W.2d 243, 244 (Tex.Civ.App.—San Antonio 1957, writ dism'd w.o.j.). Once this occurs, the burden is on the appellee to obtain a new judgment. *See* 6 Tex. Jur.3d *Appellate Review* § 968 (1980); *see also Cortez,* 306 S.W.2d at 244 (appellant has no duty to present evidence until appellee makes out *prima facie* case). The cause shall be tried *de novo* in the county court. Tex.R.Civ.P. 574b. The parties must proceed as though a judgment had not been rendered. *Cortez,* 306 S.W.2d at 244. Any dismissal by the trial court after the appeal is perfected is a dismissal of the entire cause of action and leaves the matter standing as if no suit had been filed. *Advance Imports,* 533 S.W.2d at 170–71. Language in a trial court's dismissal order cannot resurrect the justice court's judgment. *See* 6 Tex.Jur.3d *Appellate Review* § 989 (1980).

Because the county court dismissed the appeal for want of prosecution, the county court had no recourse but to dismiss the entire case. The county court had no authority to declare "the judgment entered by the Justice of the Peace on August 24, 1995[,] is in full force and effect." Because the county court's dismissal order attempted to reinstate the justice court's judgment, we hold the county court abused its discretion.

 Absent a judgment in the cause or a reinstatement of the matter, the county court had no authority to order the Garzas to submit to post-judgment depositions or to impose sanctions. Moreover, once the county court dismissed the appeal, it lost jurisdiction to issue further orders in the case. Accordingly, we hold the county court abused its discretion by rendering and signing the order of December 10, 1998. We sustain the Garzas' two issues.

We conditionally grant the Garzas' petition for writ of mandamus. The writ will issue only if the county court: (1) fails to reform its May 22, 1996 dismissal order by deleting the above-quoted reference to the justice court's judgment or (2) fails to vacate its order of December 10, 1998.