# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00454-CV

**Ruben Rodriguez, Appellant**

**v.**

**Dennis Seider, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY
### NO. 04C161-L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ruben Rodriguez challenges the dismissal of his appeal of a justice court judgment. He contends that he properly perfected his appeal, that he was only required to appeal one of the two written "judgments" of the justice court, that the county court at law erred by dismissing his appeal, and that the county court at law failed to give him proper notice and an opportunity to correct and amend his appeal prior to the dismissal. Because Rodriguez failed to raise a viable cause of action in the county court of law, we affirm the order dismissing the appeal.

## BACKGROUND

Rodriguez sued Seider in justice court, and Seider answered and filed a counterclaim. Although the details of the parties' dispute are not clear from the record,[1] a bench trial was held and the justice court entered judgment in favor of Rodriguez on his claim against Seider and in favor of Seider in his counterclaim against Rodriguez. Rodriguez was awarded $675 plus interest. Seider was awarded $534 and $250 in attorney's fees plus interest. Thus, after the offset, Rodriguez owed Seider $109 plus interest. The justice court's decision in each claim was expressed in a separate document. Both documents are dated March 31, 2004, and bear the same cause number.

Rodriguez filed a notice of appeal and posted an appeal bond. He then filed a pleading in the county court at law reasserting his defense to Seider's counterclaim. Rodriguez did not reassert the claims on which he prevailed in the justice court. In response, Seider filed a motion to dismiss contending that Rodriguez was improperly seeking a partial appeal. Rodriguez replied that the justice court issued two separate judgments and that he only sought to appeal the judgment against him. After a hearing, the county court at law dismissed the case. Rodriguez filed this appeal.

## DISCUSSION

We will address all of Rodriguez's issues in our determination of whether the county court at law erred by dismissing Rodriguez's appeal. This case involves the relatively unfamiliar subject of an appeal for trial *de novo* from a justice court judgment. Our decision is grounded in old, but unassailable Texas law.

---

[1] The record reflects that the dispute concerned transactions between Rodriguez and Seider involving an exchange of cash, four aluminum wheels, a .22 caliber pistol, and an elderly horse.

**Final Judgment**

We will first discuss what constitutes the justice court's final judgment in light of Rodriguez's contention that he only appealed the judgment on Seider's counterclaim. An appeal of a justice court judgment is tried *de novo* in the county court at law or the district court. Tex. R. Civ. P. 574b. When an appeal is perfected, the entire judgment of the justice court is annulled. *In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, no pet.); *see Roberts v. McCamant*, 8 S.W. 543, 543-44 (Tex. 1888). Although the justice court expressed its judgment in two written documents, there can be only one final judgment. *See* Tex. R. Civ. P. 301. The law does not require a final judgment to be in any particular form; rather the order is construed in light of its language and the record in the case. *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the two documents bear the same cause number, together resolve all of the issues in the case, and are signed on the same date. Both claims were heard by the justice court in the same trial, and nothing in the record indicates that the trial court severed Seider's counterclaim from the suit. Therefore, we hold that the two judgments of the justice court must be read together as one final judgment, and that Rodriguez's appeal annulled the entire judgment. *See Garza*, 990 S.W.2d at 374. Rodriguez's appeal for trial *de novo* was, by definition, an appeal of both his original claim and Seider's counterclaim.

**Dismissal**

We next determine whether the county court at law abused its discretion by dismissing Rodriguez's appeal. We review a trial court's ruling on a motion to dismiss for an abuse of discretion. *Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.).

A trial court abuses its discretion if it fails to correctly analyze or apply the law. *Id*.; *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Sieder's motion to dismiss was general in nature and merely stated that Rodriguez's attempt to appeal only the portion of the judgment in favor of Seider was "not permitted by the Rules of Civil Procedure and the law."

Rodriguez first contends that county court at law should not have dismissed his appeal because he properly perfected his appeal by posting a bond in double the amount of the judgment on Seider's counterclaim and having that bond approved and filed by the justice court. In order to resolve this issue, we must determine how a plaintiff may perfect an appeal from a justice court judgment in favor of a defendant's counterclaim. A party seeking to perfect an appeal from a justice court judgment must post an appeal bond and have that bond approved by the justice court and filed. Tex. R. Civ. P. 571; *Edwards v. Morton*, 46 S.W. 792, 794 (Tex. 1898) (notice of appeal not required). Rule 571 provides that a defendant who seeks to appeal a judgment in favor of the plaintiff must post a bond in double the amount of the judgment payable to the appellee. Tex. R. Civ. P. 571.

As explained above, Rodriguez's appeal of the judgment in favor of Seider also annulled the judgment Rodriguez obtained against Seider. However, we cannot conclude that Rodriguez, as a counter-defendant must post an additional bond in order to re-litigate the claim that he won in the justice court. *See Edwards*, 46 S.W. at 794 (a party not required to give bond to secure a debt payable to himself). Rather, the total judgment in favor of Seider, when offset by the judgment in favor of Rodriguez, was $109. As such, the statute requires Rodriguez only to post a bond in an amount double that judgment. *See* Tex. R. Civ. P. 571. Rodriguez posted a bond in an

amount well exceeding double the amount of the net judgment against him. This bond served to perfect appeal of the entire justice court judgment; it would have been an abuse of discretion to dismiss his appeal based on his failure to post an adequate appeal bond.

Rodriguez also argues that the dismissal was improper because he was not required to reassert the claim that he prevailed on in the justice court and, alternatively, that he should have been given notice and an opportunity to amend his pleadings prior to dismissal. As we discussed above, Rodriguez's appeal for a trial *de novo* annulled the entire judgment of the justice court. *See Garza*, 990 S.W.2d at 374. It was incumbent upon Rodriguez to reassert his claims against Seider in order to obtain a new judgment. *See id*. The judgment in favor of Seider was similarly annulled, and there was no need for Rodriguez to defend that claim unless it was affirmatively raised by Seider in the county court at law. Thus, the only claim Rodriguez could have pleaded was his original cause of action.

Rodriguez argues that he should have been given the opportunity to amend his appeal prior to the dismissal. He cites the provision of rule 571 that an appeal "shall not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing appellant five days after notice within to correct." Tex. R. Civ. P. 571. However, rule 571's notice provision applies to defects in the appeal bond, not defects in the pleadings in the county court at law. By only pleading an answer to a counterclaim that had not yet been raised on appeal, Rodriguez raised no viable cause of action in the county court at law. A pleading that raises no viable cause of action is subject to dismissal without the opportunity to amend. *See Slentz v. American Airlines, Inc.*, 817 S.W.2d 366, 360 (Tex. App.—Austin 1991, writ denied) (pleading that raises no viable cause of

5

action cannot be cured and dismissal without opportunity to amend is appropriate). Because Rodriguez's pleadings raised no viable cause of action, we affirm the trial court's order dismissing the appeal.

## CONCLUSION

Rodriguez properly perfected his appeal to the county court at law. By perfecting his appeal, Rodriguez annulled the entire judgment of the justice court. He then failed to plead a viable cause of action. Accordingly, the county court at law properly granted Seider's motion to dismiss.[2] We affirm the order of the county court at law.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: March 31, 2005

---

[2] We note that the dismissal of Rodriguez's appeal for failure to state a viable cause does not result in the reinstatement of the justice court's judgment. *See Roberts v. McCamant*, 8 S.W. 543, 543-44 (Tex. 1888); *In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, no pet.) ("Any dismissal by the trial court after the appeal is perfected is a dismissal of the entire cause of action and leaves the matter standing as if no suit had been filed."); *Advance Imports, Inc. v. Gibson Prods Co.*, 533 S.W.2d 168, 170-71 (Tex. App.—Dallas 1976, no writ). As such, the dismissal of Rodriguez's appeal shall have no effect on his ability to again file suit regarding this matter. *See Harter v. Curry*, 105 S.W. 988, 989 (Tex. 1907).