TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00454-CV





Ruben Rodriguez, Appellant


v.


Dennis Seider, Appellee





FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY
NO. 04C161-L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        Appellant Ruben Rodriguez challenges the dismissal of his appeal of a justice court
judgment. He contends that he properly perfected his appeal, that he was only required to appeal one
of the two written “judgments” of the justice court, that the county court at law erred by dismissing
his appeal, and that the county court at law failed to give him proper notice and an opportunity to
correct and amend his appeal prior to the dismissal. Because Rodriguez failed to raise a viable cause
of action in the county court of law, we affirm the order dismissing the appeal.

BACKGROUNDRodriguez sued Seider in justice court, and Seider answered and filed a counterclaim.
Although the details of the parties’ dispute are not clear from the record,


 a bench trial was held and
the justice court entered judgment in favor of Rodriguez on his claim against Seider and in favor of
Seider in his counterclaim against Rodriguez. Rodriguez was awarded $675 plus interest. Seider
was awarded $534 and $250 in attorney’s fees plus interest. Thus, after the offset, Rodriguez owed
Seider $109 plus interest. The justice court’s decision in each claim was expressed in a separate
document. Both documents are dated March 31, 2004, and bear the same cause number. 
                        Rodriguez filed a notice of appeal and posted an appeal bond. He then filed a
pleading in the county court at law reasserting his defense to Seider’s counterclaim. Rodriguez did
not reassert the claims on which he prevailed in the justice court. In response, Seider filed a motion
to dismiss contending that Rodriguez was improperly seeking a partial appeal. Rodriguez replied
that the justice court issued two separate judgments and that he only sought to appeal the judgment
against him. After a hearing, the county court at law dismissed the case. Rodriguez filed this appeal.

DISCUSSION
                        We will address all of Rodriguez’s issues in our determination of whether the county
court at law erred by dismissing Rodriguez’s appeal. This case involves the relatively unfamiliar
subject of an appeal for trial de novo from a justice court judgment. Our decision is grounded in old,
but unassailable Texas law. 
Final Judgment
                        We will first discuss what constitutes the justice court’s final judgment in light of
Rodriguez’s contention that he only appealed the judgment on Seider’s counterclaim. An appeal of
a justice court judgment is tried de novo in the county court at law or the district court. Tex. R. Civ.
P. 574b. When an appeal is perfected, the entire judgment of the justice court is annulled. In re
Garza, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, no pet.); see Roberts v. McCamant,
8 S.W. 543, 543-44 (Tex. 1888). Although the justice court expressed its judgment in two written
documents, there can be only one final judgment. See Tex. R. Civ. P. 301. The law does not require
a final judgment to be in any particular form; rather the order is construed in light of its language and
the record in the case. Lehman v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Here, the two
documents bear the same cause number, together resolve all of the issues in the case, and are signed
on the same date. Both claims were heard by the justice court in the same trial, and nothing in the
record indicates that the trial court severed Seider’s counterclaim from the suit. Therefore, we hold
that the two judgments of the justice court must be read together as one final judgment, and that
Rodriguez’s appeal annulled the entire judgment. See Garza, 990 S.W.2d at 374. Rodriguez’s
appeal for trial de novo was, by definition, an appeal of both his original claim and Seider’s
counterclaim.

Dismissal
                        We next determine whether the county court at law abused its discretion by
dismissing Rodriguez’s appeal. We review a trial court’s ruling on a motion to dismiss for an abuse
of discretion. Muecke v. Hallstead, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.). 
A trial court abuses its discretion if it fails to correctly analyze or apply the law. Id.; see Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992). Sieder’s motion to dismiss was general in nature and
merely stated that Rodriguez’s attempt to appeal only the portion of the judgment in favor of Seider
was “not permitted by the Rules of Civil Procedure and the law.” 
                        Rodriguez first contends that county court at law should not have dismissed his appeal
because he properly perfected his appeal by posting a bond in double the amount of the judgment
on Seider’s counterclaim and having that bond approved and filed by the justice court. In order to
resolve this issue, we must determine how a plaintiff may perfect an appeal from a justice court
judgment in favor of a defendant’s counterclaim. A party seeking to perfect an appeal from a justice
court judgment must post an appeal bond and have that bond approved by the justice court and filed. 
Tex. R. Civ. P. 571; Edwards v. Morton, 46 S.W. 792, 794 (Tex. 1898) (notice of appeal not
required). Rule 571 provides that a defendant who seeks to appeal a judgment in favor of the
plaintiff must post a bond in double the amount of the judgment payable to the appellee. Tex. R.
Civ. P. 571. 
                        As explained above, Rodriguez’s appeal of the judgment in favor of Seider also
annulled the judgment Rodriguez obtained against Seider. However, we cannot conclude that
Rodriguez, as a counter-defendant must post an additional bond in order to re-litigate the claim that
he won in the justice court. See Edwards, 46 S.W. at 794 (a party not required to give bond to secure
a debt payable to himself). Rather, the total judgment in favor of Seider, when offset by the
judgment in favor of Rodriguez, was $109. As such, the statute requires Rodriguez only to post a
bond in an amount double that judgment. See Tex. R. Civ. P. 571. Rodriguez posted a bond in an
amount well exceeding double the amount of the net judgment against him. This bond served to
perfect appeal of the entire justice court judgment; it would have been an abuse of discretion to
dismiss his appeal based on his failure to post an adequate appeal bond. 
                        Rodriguez also argues that the dismissal was improper because he was not required
to reassert the claim that he prevailed on in the justice court and, alternatively, that he should have
been given notice and an opportunity to amend his pleadings prior to dismissal. As we discussed
above, Rodriguez’s appeal for a trial de novo annulled the entire judgment of the justice court. See
Garza, 990 S.W.2d at 374. It was incumbent upon Rodriguez to reassert his claims against Seider
in order to obtain a new judgment. See id. The judgment in favor of Seider was similarly annulled,
and there was no need for Rodriguez to defend that claim unless it was affirmatively raised by Seider
in the county court at law. Thus, the only claim Rodriguez could have pleaded was his original cause
of action.
                        Rodriguez argues that he should have been given the opportunity to amend his appeal
prior to the dismissal. He cites the provision of rule 571 that an appeal “shall not be dismissed for
defects or irregularities in procedure, either of form or substance, without allowing appellant five
days after notice within to correct.” Tex. R. Civ. P. 571. However, rule 571’s notice provision
applies to defects in the appeal bond, not defects in the pleadings in the county court at law. By only
pleading an answer to a counterclaim that had not yet been raised on appeal, Rodriguez raised no
viable cause of action in the county court at law. A pleading that raises no viable cause of action is
subject to dismissal without the opportunity to amend. See Slentz v. American Airlines, Inc., 817
S.W.2d 366, 360 (Tex. App.—Austin 1991, writ denied) (pleading that raises no viable cause of
action cannot be cured and dismissal without opportunity to amend is appropriate). Because
Rodriguez’s pleadings raised no viable cause of action, we affirm the trial court’s order dismissing
the appeal. 

CONCLUSION 
                        Rodriguez properly perfected his appeal to the county court at law. By perfecting his
appeal, Rodriguez annulled the entire judgment of the justice court. He then failed to plead a viable
cause of action. Accordingly, the county court at law properly granted Seider’s motion to dismiss.



We affirm the order of the county court at law. 
 
 
                                                                        __________________________________________
Bea Ann Smith, Justice
Before Chief Justice Law, Justices B. A. Smith and Pemberton
Affirmed
Filed: March 31, 2005