

# NUMBER 13-12-00769-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SUSAN THOMPSON
AND ALL OTHER OCCUPANTS,                                    Appellants,

v.

GREEN TREE SERVICING, LLC
AS SUCCESSOR BY MERGER TO
WALTER MORTGAGE COMPANY, LLC,                              Appellee.

**On appeal from the County Court at Law
of San Patricio County, Texas.**

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

In this forcible-detainer case, appellant, Susan Thompson[1] appeals the trial

court's judgment denying her a trial de novo in her appeal from justice court and

---

[1] Susan Thompson and All Other Occupants were named as defendants in the original eviction lawsuit filed in justice court and are appellants on appeal. We will collectively refer to appellants as "Thompson."

purporting to "confirm" the justice court's judgment in favor of appellee Green Tree Servicing, LLC as Successor by Merger to Walter Mortgage Company, LLC (hereinafter "Green Tree"). We reverse and remand for a trial de novo.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Green Tree sued Thompson in the Justice Court, Precinct Two of San Patricio County, Texas, to evict her from the premises located at 6186 CR 2313, Odem, Texas 78730. On October 31, 2012, the justice court awarded possession of the premises to Green Tree and entered judgment against Thompson. Thompson timely appealed to the County Court at Law of San Patricio County (the trial court).

On November 21, 2012, the trial court convened for a trial de novo. However, before Green Tree presented its case, Thompson's counsel challenged the trial court's subject-matter jurisdiction—arguing the case belonged in district court because it presented a question of property ownership and not a question of mere possession. Thompson moved the trial court to dismiss the appeal on this basis. The trial court denied the motion to dismiss for lack of subject-matter jurisdiction, stated it was finding for Green Tree and would not receive evidence, and directed Green Tree's counsel to prepare an "agreed judgment" memorializing its ruling.[3] The trial court gave Thompson five days to file any objections to the agreed judgment Green Tree prepared.

Without objection from Thompson, the trial court entered the following Agreed

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] The trial court did not receive evidence on Thompson's subject-matter jurisdiction challenge as would enable this Court to determine Thompson's challenge to the trial court's subject-matter jurisdiction.

2

Judgment,[4] which Thompson now appeals:

> On this 21st day of November, 2012, came to be heard the above-entitled and numbered cause on appeal from the Judgment entered in the Justice Court on October 31, 2012, in favor of Plaintiff. The parties appeared in person or by and through their counsel of record and announced ready for trial. Prior to any evidence being presented by the parties, Defendant Susan Thompson requested that the case be dismissed for lack of jurisdiction of the Court. The Court denied Defendant's request to dismiss the case for lack of jurisdiction of the Court.

> Defendant then requested that the Court dismiss her appeal. Upon considering Defendant's additional request to voluntarily dismiss her appeal, and finding no opposition to Defendant's request for voluntary dismissal of the appeal, the Court finds that the case should be dismissed.

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant's request to dismiss her appeal is granted, the appeal is dismissed and, accordingly, the Judgment of the Justice Court is final.

> This Order is final, disposes of all claims between the parties and is appealable.

## II.   ISSUES PRESENTED

Thompson presents two issues for review:

(1) Did the trial court err in not holding a trial de novo after Thompson's appeal from justice court was perfected?

(2) Did the trial court err in reinstating the justice court's judgment?

## III.   ANALYSIS

By her first and second issues, Thompson argues she was entitled to trial de novo in county court, and because her appeal to county court annulled the justice court's judgment, the trial court could not confirm or enter judgment on the justice court's judgment. We agree.

---

[4]   Although the judgment is entitled "agreed judgment", the judgment is not signed by the parties, and the record is devoid of any indication that the parties agreed upon the terms of the judgment.

Whether Thompson was entitled to trial de novo once she perfected her appeal to the county court presents a legal question which we review de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *see also Salmeron v. T-Mobile West Corp.*, No. 01-07-00532-CV, 2008 WL 1828616, at *1 (Tex. App.—Houston [1st Dist.] Apr. 24, 2008, no pet.) (mem. op.). In *Villalon v. Bank One*, the First Court of Appeals succinctly explained the rule of law that is determinative of this case:

> [I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court. Once a county court acquires jurisdiction by perfection of an appeal from justice court, the rules of procedure permit only that the county court try the case de novo or dismiss it if it is not prosecuted. A county court cannot affirm or reverse the judgment of the justice court nor can it remand the cause to the justice court.

176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In *In re Garza*, this Court explained that once a justice court's judgment is annulled by perfection of appeal to the county court, the burden is on the appellee in the county court to obtain a new judgment. 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999) (orig. proceeding). While *In re Garza* was decided under Texas Rule of Civil Procedure 574b, which was repealed effective August 31, 2013 and no longer applies to pending cases unless justice so requires, *see* Misc. Docket No. 13-9049 (Tex. April 15, 2013), both Rule 574b and the new rule 506.3 provide for trial "de novo in the county court" when an appeal from justice court is perfected. *See* TEX. R. CIV. P. 574b ("The cause shall be tried de novo in the county or district court; and judgment shall be rendered."); *see also* TEX. R. CIV. P. 506.3 ("The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial.").

4

Because Thompson was entitled to trial de novo in the county court, the trial court erred as a matter of law by denying her a trial de novo and rendering judgment that purported to confirm the justice court's judgment. *See In re Garza*, 990 S.W.2d at 374; *see also* TEX. R. CIV. P. 506.3. We find Green Tree's argument that Thompson waived any error by not filing objections to the agreed judgment unpersuasive. As this Court explained in *In re Garza*, "[l]language in a trial court's dismissal order cannot resurrect the justice court's judgment." 990 S.W.2d at 374. At the November 21, 2012 hearing, Thompson asked the trial court multiple times to receive evidence in a trial de novo even if it rejected her subject-matter jurisdiction argument, and Thompson clearly informed the trial court on the record that under the case law, the justice court's judgment was a nullity that could not be "affirmed." *See id.*; *see also* TEX. R. APP. P. 33.1. We sustain Thompson's issues on appeal.

## IV.   CONCLUSION

We reverse the trial court's judgment and remand this case to the trial court for trial de novo. *See* TEX. R. APP. P. 43.2(d).

> GREGORY T. PERKES
> Justice

Delivered and filed the
3rd day of October, 2013.

5