

# NUMBER 13-12-00198-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT M. MARKHAM
AND ALL OTHER OCCUPANTS,                          Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, IN TRUST FOR
THE REGISTERED HOLDERS OF ARGENT
SECURITIES INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2006-W5,          Appellee.

On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes

Appellant, Robert M. Markham,[1] appeals the trial court's judgment denying him a trial de novo in his appeal from justice court and purporting to "confirm" the justice court's judgment in favor of appellee, Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 ("Deutsche Bank"). We reverse and remand for a trial de novo.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Deutsche Bank filed a forcible-detainer petition against Markham in the Court of the Justice of the Peace, Precinct Two, Place One, of Hidalgo County, Texas, seeking to evict Markham from the property located at 307 Highland Drive, McAllen, Texas 78501 ("the property"). On October 18, 2011, the justice court entered a judgment for possession in favor of Deutsche Bank.

On October 24, 2011, Markham appealed the justice court's judgment, transferring the matter to the Hidalgo County Clerk's Office, which then assigned the matter to the trial court (County Court at Law Number Five). Markham thereafter filed a motion for trial de novo.[3] On January 13, 2012, the trial court denied Markham's motion for trial de novo. Deustsche Bank then filed a "motion to clarify" the trial court's denial of trial de novo. In its motion, Deutsche Bank asked the trial court to enter judgment confirming the justice court's order awarding it possession. The trial court set the matter for hearing and on

---

[1] "Robert M. Markham and All Other Occupants" were named as defendants in the lawsuit and are appellants on appeal. Hereinafter, we collectively refer to appellants as "Markham."

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] The record also shows that Deutsche Bank filed a motion for final summary judgment, but the record does not contain any order granting or denying the motion for summary judgment.

February 27, 2012, signed a judgment titled "Order Denying Trial De Novo and Affirming Trial Court Judgment" in which it again denied Markham a trial de novo and also purported to confirm the justice court's order.

The text of the trial court's judgment reads as follows:

> On January 9, 2012, came on for trial de novo on the merits of this proceeding, appealed from Cause No. C-1101-11-21, in the Justice of the Peace Court, Precinct 2-1 of Hidalgo County, Texas, between Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDER OF ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W5 ("Plaintiff"), and Defendant, ROBERT MARKHAM AND ALL OTHER OCCUPANTS ("Defendant"). The parties appeared through their counsel of record and after the Court found that it had jurisdiction to hear this cause, the Court denied Defendant's appeal for a trial de novo on the merits, after which time the Court confirmed the trial court's judgment for the Plaintiff. It is therefore
>
> ORDERED, ADJUDGED and DECREED that the trial court judgment, namely the judgment entered by Hidalgo County Justice of the Peace Court Precinct 2, Place 1, on October 18, 2011 in case number C-1101-11-21, is confirmed and fully enforceable. To wit: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDER OF ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W5 does have and recover of the Defendant possession of the following described premises: 307 Highland Drive, McAllen, TX 78501 A/K/A 307 West Highland Avenue, McAllen, TX 78501 more particularly described as LOT THREE (3), UNIT ONE (1), DIXON SUBDIVISION NO. 1, AN ADDITION TO THE CITY OF MCALLEN, HILDALGO COUNTY, TEXAS, AS PER MAP OR PLAT THEREOF RECORDED IN VOLUME 17, PAGE 59, MAP RECORDS, HIDALGO COUNTY, TEXAS.

This appeal followed.[4]

## II. ISSUES PRESENTED

Markham presents four issues for review:

---

[4] Deutsche Bank's counsel informed this Court that Deutsche Bank elected not to file a brief in this appeal.

(1) A perfected appeal from a justice court requires a trial de novo.

(2) A trial de novo is the only means by which a defendant can obtain relief from judgment.

(3) Appellate rights are zealously guarded by Texas Courts once granted.

(4) The denial of a right of trial de novo is legal error, contrary to due process and course of law, and violates the Texas Open Courts Doctrine.

## III.  ANALYSIS

By his first issue, Markham argues he was entitled to trial de novo in county court and because his appeal to county court annulled the justice court's judgment, the trial court could not confirm or enter judgment on the justice court's judgment.   We agree.

Whether Markham was entitled to trial de novo once he perfected his appeal to the county court presents a legal question which we review de novo.   *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *see also Salmeron v. T-Mobile W. Corp.*, No. 01-07-00532-CV, 2008 WL 1828616, at *1 (Tex. App.—Houston [1st Dist.] Apr. 24, 2008) (mem. op.).   In *Villalon v. Bank One*, the First Court of Appeals succinctly explained the rule of law that is determinative of this case:

> [I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court.  Once a county court acquires jurisdiction by perfection of an appeal from justice court, the rules of procedure permit only that the county court try the case de novo or dismiss it if it is not prosecuted.  A county court cannot affirm or reverse the judgment of the justice court nor can it remand the cause to the justice court.

176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, no pet.).   In *In re Garza*, this Court explained that, once a justice court's judgment is annulled by perfection of appeal to the county court, the burden is on the appellee in the county court to obtain a new judgment.   990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999) (orig.

4

proceeding). While *In re Garza* was decided under Texas Rule of Civil Procedure 574b, which was repealed effective August 31, 2013 and no longer applies to pending cases unless justice so requires, *see* Misc. Docket No. 13-9049 (Tex. April 15, 2013), both Rule 574b and the new rule 506.3 provide for trial "de novo in the county court" when an appeal from justice court is perfected. *See* TEX. R. CIV. P. 574b (West 2013) ("The cause shall be tried de novo in the county or district court; and judgment shall be rendered."); *see also* TEX. R. CIV. P. 506.3 ("The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial.").

Because Markham was entitled to trial de novo in the county court, the trial court erred as a matter of law by denying him a trial de novo and entering judgment that purported to confirm the justice court's judgment. *See In re Garza*, 990 S.W.2d at 374; *see also* TEX. R. CIV. P. 506.3. We sustain Markham's first issue on appeal. As Markham's first issue is dispositive, we need not reach his remaining issues on appeal. *See* TEX. R. APP. P. 47.4.

## IV.  CONCLUSION

We reverse the trial court's judgment and remand this case to the trial court for trial de novo. *See* TEX. R. APP. P. 43.2(d).

GREGORY T. PERKES
Justice

Delivered and filed the
3rd day of October, 2013.