**DISMISS and Opinion Filed November 18, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01288-CV

**BILLY GREER, Appellant**
**V.**
**BANK OF AMERICA, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-4095-C**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

In a letter dated October 9, 2013, the Court questioned its jurisdiction over this appeal. Specifically, it appeared that the trial court's judgment did not injure appellant. We requested appellant to file a jurisdictional brief, within ten days, addressing the Court's concern. We cautioned appellant that failure to file a jurisdictional brief within the time requested may result in dismissal of the appeal without further notice. As of today's date, appellant has not filed a jurisdictional brief.

Generally, an appeal may be brought only by parties who have been injured by the trial court's judgment. *See Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting and Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.). An appellant does not have standing and this Court does not have jurisdiction over an appeal of

an order that does not injure an appellant. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (standing is implicit in the concept of subject matter jurisdiction which is essential to a court's authority to decide a case).

In this case, the justice court signed a judgment in the forcible detainer action. Appellant appealed that judgment by filing an appeal bond. *See* TEX. R. CIV. P. 749 & 749c. The effect of the appeal bond is to obtain a trial de novo in the county court at law. The justice court's judgment was vacated by filing the appeal bond. *See In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, orig. proceeding). Subsequently, the county court at law dismissed the case for want of prosecution. The dismissal by the county court at law after the appeal was perfected was a dismissal of the entire case and left the matter standing as if no lawsuit had been filed. *See id.*

Thus, the order appealed did not injure appellant. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

131288F.P05

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BILLY GREER, Appellant

No. 05-13-01288-CV      V.

BANK OF AMERICA, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas.
Trial Court Cause No. CC-13-4095-C.
Opinion delivered by Justice Francis.
Justices FitzGerald and Myers, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, BANK OF AMERICA, recover its costs of this appeal from appellant, BILLY GREER.

Judgment entered November 18, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE