

# NUMBER 13-15-00559-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN SHOLTIS,                                                                            Appellant,

## v.

JESSE RODRIGUEZ AND
IRMA RODRIGUEZ,                                                                     Appellees.

## On appeal from the County Court
## of Live Oak County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

By one issue, appellant John Sholtis, pro se, appeals the trial court's dismissal of

his cause of action against appellees Jesse and Irma Rodriguez.[1]   We affirm.

---

[1] Sholtis represented himself *pro se* in the trial court and on appeal.

## I. BACKGROUND

On February 8, 2013, Sholtis sued the Rodriguezes in justice court for breach of a rental agreement and damages to property Sholtis owned. Sholtis obtained a default judgment against the Rodriguezes in the amount of $10,000.00. Subsequently, the Rodriguezes appealed the justice court's judgment to the county court ("the trial court"). Although the Rodriguezes initial appeal bond was defective, they corrected the defect when notified by the trial court. *See* TEX. R. CIV. P. 506.1.

On May 15, 2013, Sholtis's motion to recuse the trial court judge was denied. Sholtis appealed the denial of the motion to recuse to this Court in appellate cause number 13-15-00023-CV. *See Sholtis v. Rodriguez*, No. 13-15-00023-CV, 2015 WL 831998, at *1 (Tex. App.—Corpus Christi 2015, no pet.) (mem. op.). We subsequently dismissed Sholtis's appeal for want of jurisdiction. The mandate in that appeal issued on May 12, 2015.

The trial on the merits for Sholtis's action against the Rodriguezes was set on October 12, 2015. Sholtis failed to appear for the trial and the Rodriguezes urged a motion to dismiss the cause of action, which was granted. This appeal followed.

## II. TRIAL COURT RETAINED JURISDICTION

By one issue, with multiple sub-issues,[2] Sholtis argues that the trial court lacked

---

[2] Sholtis advances the following sub-issues in his brief: (1) did the trial judge inherit jurisdictional standing; (2) did the trial judge have jurisdiction to overrule this Court's letter and mandate; (3) did the trial judge have jurisdictional standing to continue cause CVO1590 (13-15-00559-CV) that was dismissed by this Court for want of jurisdiction; (4) did the trial judge violate Texas Constitution article 1, section 16 "due process of law"; (5) did the trial judge have jurisdiction to conduct a hearing of CVO1590 to so order, adjudge, and decree that of bearing of his construction and signature November 12, 2015; (6) did an officer of the court, attorney Peter Steiner, have jurisdiction to prosecute cause CVO1590 that was dismissed by this Court; (7) did court clerk Karen Irving have jurisdictional authority to exclude this Court's letter and mandate by filing such as "correspondence from the Court concerning exhibits filed in the appeal"; (8) did Karen Irving of her docket filing conclude that this Court's letter dated May 12, 2015 was "correspondence";

2

jurisdiction to dismiss his case following the opinion and mandate issued by this Court in appellate cause number 13-15-00023-CV.

## A.      Standard of Review

Subject-matter jurisdiction is essential to a court's power to decide a case. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). We treat challenges to a court's subject-matter jurisdiction as questions of law that we review de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

## B.      Discussion

Although Sholtis raises multiple sub-issues in his appeal, the dispositive issue is whether the trial court had jurisdiction to hear his case on October 12, 2015 and issue a ruling subsequently dismissing his case on November 12, 2015.[3] Sholtis misinterprets the effect of the prior opinion and mandate from this Court. *See Sholtis*, 2015 WL 831998 at *1. In his prior appeal, Sholtis challenged the denial of his motion to recuse the trial judge. The opinion, which was issued in February 2015, stated the following:

> Appellant, John Sholtis, attempted to perfect an appeal from the trial court's order denying his motion to recuse the trial court judge in trial court cause number CV01590. Because this order is not an appealable order, we dismiss for want of jurisdiction.
>
> Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not an appealable order. On January 13, 2015, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done.

---

(9) did Karen Irving of her docket filing conclude that this Court's mandate was an "exhibit"; (10) did the defendants file documentation requesting a "stay" of this Court's mandate; and (11) did this Court's mandate become issued?

[3] We consider sub-issues 1, 3, 5, 10, and 11 to be contained in the dispositive issue addressed in the discussion section of this opinion.

> Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant failed to respond to the Court's notice.

*Id.*

Sholtis misinterprets the Court's dismissal of his prior appeal as dismissing the entire case at the trial court level. He argues the trial court did not have proper jurisdiction to hear the case at the trial setting in October 2015 and thus, the dismissal issued by the trial court is void. However, this Court's action in appellate cause number 13-15-00023-CV reflected a determination of the appellate court's jurisdiction and had no effect regarding the trial court's jurisdiction to hear his underlying case against the Rodriguezes.

Sholtis's case against the Rodriguezes was still properly before the trial court. "When an appeal from a justice court judgment is perfected in a county court, the judgment of the justice court is annulled." *In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, no pet.). "Once this occurs, the burden is on the appellee to obtain a new judgment." *Id.* The cause shall be tried *de novo* in the county court. *See* TEX. R. CIV. P. 506.3. "The parties must proceed as though a judgment had not been rendered." *In re Garza*, 990 S.W.2d at 374. "Any dismissal by the trial court after the appeal is perfected is a dismissal of the entire cause of action and leaves the matter standing as if no suit had been filed." *Id.*

The Rodriguezes properly perfected their appeal to the county court and paid the appropriate appeal bond. *See* TEX. R. APP. P. 25.1, 24.2. Sholtis failed to appear for the trial date setting, and thus, the trial court dismissed his cause for want of prosecution. The trial court retained the proper jurisdiction over the case and proceeded properly. We

4

overrule Sholtis's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.[4]

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of September, 2016.

---

[4] Sholtis does not address sub-issues 2, 4, 6, 7, 8, and 9 in the arguments section of his brief. An "appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. Therefore, to the extent these sub-issues were summarily identified, none were preserved for appellate review and these issues are hereby waived.