

NUMBER 13-18-00075-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIA TERESA REYES,**                                                    **Appellant,**

**v.**

**PATRICIA D. MARTINEZ MANRIQUE,**                                  **Appellee.**

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Maria Teresa Reyes appeals from the granting of appellee Patricia D. Martinez Manrique's motion to dismiss for want of jurisdiction. Reyes argues the trial court erred when it granted the motion to dismiss because her prior voluntary nonsuit

without prejudice and the county court's dismissal without prejudice did not deprive the district court of jurisdiction on her refiled action. We reverse and remand.

## I. BACKGROUND

On May 18, 2015, Reyes brought suit against Manrique in Justice of the Peace Court Precinct 2 Place 2 of Hidalgo County. Reyes obtained a judgment against Manrique in the amount of $5,784.00 on August 31, 2015. Manrique appealed the judgment of the justice of the peace court to County Court at Law Number 2 in Hidalgo County. During the pendency of the appeal to county court, Reyes voluntarily filed a nonsuit of her claims without prejudice. Pursuant to Reyes's nonsuit, the county court dismissed the appeal without prejudice on November 25, 2015.

On February 8, 2016, Reyes refiled suit against Manrique in district court, alleging breach of contract, unlawful conversion of personal property, and violation of the Texas Deceptive Trade Practices-Consumer Protection Act. Manrique moved to dismiss for lack of jurisdiction, arguing that Reyes's nonsuit in county court deprived the district court of jurisdiction to hear the matter. The motion to dismiss for want of jurisdiction was granted. This appeal followed.

## II. DISMISSAL FOR WANT OF JURISDICTION

Reyes argues that dismissal was improper because the district court was not deprived of jurisdiction when she nonsuited her claims at the county court level.

### A. Standard of Review

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

### B. Discussion

As a starting point, we note that Reyes appeals from the trial court's order dismissing her causes of action against Manrique for lack of jurisdiction. Thus, the trial court undertook an analysis to determine—and ultimately ruled upon—whether it had subject-matter jurisdiction over Reyes's causes of action against Manrique. The question of subject-matter jurisdiction is fundamental and can be raised at any time. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). The issue may not be waived by the parties and may be raised for the first time on appeal. *Id.*

### 1.     Texas Nonsuit Law

Reyes argues that the trial court erred in granting the motion to dismiss for want of jurisdiction because the nonsuit in the county court did not deprive the trial court of jurisdiction. We agree.

The perfection of an appeal to a county court from a justice court vacates and annuls the justice court judgment. *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex.—Houston [1st Dist.] App. 2004, pet. denied). "Once this occurs, the burden is on the appellee to obtain a new judgment." *In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, no pet.). The cause shall be tried de novo in the county court. *See* TEX. R. CIV. P. 506.3. "A subsequent dismissal by the county court after the appeal is perfected is a dismissal of the entire cause of action and leaves the matter standing as if no suit had been filed." *In re Garza*, 990 S.W.2d at 374. Therefore, the dismissal of an appeal from justice court does not result in the reinstatement of the justice court's judgment, and it has no effect on the ability to again file suit regarding the matter. *See*

3

*Rodriguez v. Seider*, No. 03-04-00454-CV, 2005 WL 723682, at \*3 (Tex. App.—Austin Mar. 31, 2005, no pet.) (mem. op.).

In Texas, plaintiffs may nonsuit at any time before introducing all of their evidence other than rebuttal evidence. TEX. R. CIV. P. 162. No court order is required. *Id.*; *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). A nonsuit terminates a case "from the moment the motion is filed." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). "The res judicata effect of a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Epps*, 351 S.W.3d at 868. But, when a case is nonsuited without prejudice, res judicata does not bar relitigation of the same claims. *Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997).

Here, we are presented with Reyes's nonsuit without prejudice and the county court's order stating the same. Citing to *UTMB*, 195 S.W.3d at 98, *City of Dallas v. Albert*, 354 S.W.3d 368 (Tex. 2011), *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860 (Tex. 2010), and *In re Bennett*, 960 S.W.2d 35 (Tex. 1997), Manrique argues that the court did not err in granting the motion to dismiss because the nonsuit deprived the court of jurisdiction over the claim. In *UTMB*, the Supreme Court of Texas held that an appellee's nonsuit of claims filed in a wrongful death action deprived the court of appeals of jurisdiction over an interlocutory appeal from an order denying appellant's plea to the jurisdiction on the same claims. 195 S.W.3d at 101. Unlike here, where we are presented with a refiling of claims after a nonsuit without prejudice, in *UTMB* the nonsuit was filed on the current pending case before the lower court. *See id.* Accordingly, it does not support Manrique's

4

contention that a district court is deprived of jurisdiction over a case that was previously nonsuited without prejudice in county court.

In *Albert*, the Supreme Court of Texas held that when a governmental entity nonsuits its claim, sovereign immunity is not reinstated as to the right of an adverse party to be heard on a pending claim for affirmative relief. 354 S.W.3d at 377 (relying on *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008)). The jurisdictional issue in *Albert* does not relate to jurisdiction over refiled claims after a nonsuit without prejudice and is therefore not on point to support Manrique's position. *See id.*

In *Joachim*, the Supreme Court of Texas addressed whether an order of dismissal with prejudice after the plaintiff filed a nonsuit without prejudice is a void or voidable order. 315 S.W.3d at 863–64. While *Joachim* supports both Reyes's and Manrique's contention that a nonsuit renders the merits of the case moot, it does not support Manrique's argument that a nonsuit then deprives a district court of jurisdiction over a refiled claim. *See id.*

In *In re Bennett*, the Supreme Court of Texas held that neither filing of nonsuit nor subsequent removal of a case to federal court would deprive a trial court of jurisdiction to consider, sua sponte, whether sanctions should be imposed on counsel for pre-removal conduct when sanctions were unrelated to merits of the removed case. 960 S.W.2d at 35. *In re Bennett* does not purport to deprive a district court of jurisdiction over a refiled claim after a nonsuit without prejudice was filed in county court.

We decline to interpret Manrique's cited cases as supportive of her contentions that the district court was deprived of jurisdiction in this matter. A dismissal without prejudice means that the same claims may be refiled in an entirely new cause.

5

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n.*, 461 S.W.3d 627, 630 (Tex. App.—Fort Worth 2015, pet. denied) (citing *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ) (explaining that "[a]ny dismissal order stating it is without prejudice to refile refers to refiling in a new cause of action, not simply filing an amended petition within the same cause")). Reyes's voluntary nonsuit of her claims without prejudice in the county court did not preclude her from refiling her claims in a new cause of action with the district court. *See id.* Therefore, Reyes was within her rights to refile her nonsuited claims against Manrique in the district court.

We sustain Reyes's sole issue.

### III. CONCLUSION

We reverse the trial court's order granting Manrique's motion to dismiss and remand this case to the trial court for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
20th day of September, 2018.

6