

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00364-CV

———————————————

HEATHER RENE JENKINS-JEFFERSON, Appellant

V.

MARK DISANTI, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-005720-1

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Heather Rene Jenkins-Jefferson challenges the trial court's judgment against her in this forcible detainer suit pursued by Appellee Mark Disanti. At a January 2020 nonjudicial-foreclosure sale, Disanti purchased the home that Jenkins-Jefferson had previously lived in and claimed as her homestead. Because Jenkins-Jefferson had already moved out of the home at the time Disanti sued to evict her, she argues that Disanti lacked standing to bring suit. We agree with Jenkins-Jefferson that because there was no live controversy, the case was moot and therefore Disanti lacked standing. As a result, the trial court lacked jurisdiction to enter the judgment against her. We therefore vacate the trial court's judgment and dismiss the case.

## Background

After Jenkins-Jefferson allegedly defaulted on a payment agreement with the homeowners' association, it foreclosed on her home and sold it to Disanti. Disanti filed this forcible detainer suit against Jenkins-Jefferson in justice court on August 19, 2020. After the justice court ruled in Disanti's favor and issued a writ of possession, Jenkins-Jefferson appealed to the county court at law, where she filed an answer alleging that although the foreclosure was wrongful, she had not occupied the property on the day that Disanti filed his forcible detainer suit or since then, and thus, she argued, the forcible detainer action was moot.

Two hearings were held. At the first hearing, no testimony was offered. Instead, the attorneys merely presented argument to the judge, and the trial court admitted some

2

evidence without objection. At that hearing, Jenkins-Jefferson's counsel stated that her client had moved out of the house on August 14. She submitted an August 12 lease agreement for Jenkins-Jefferson's new living space as proof. Disanti's attorney rebutted that he "believe[d Disanti] ha[d] been out there, and he told [his counsel] that the property is occupied." He asserted that the eviction was contested and that "as [he] recalled," Jenkins-Jefferson's counsel had "indicated that she thought the foreclosure was wrongful, and that a wrongful foreclosure suit would be forthcoming."

At the mention of wrongful foreclosure, the trial court reminded counsel that at the forcible detainer hearing they "[we]re only talking about possession." When Disanti's counsel asserted that Disanti was asking for possession, Jenkins-Jefferson's counsel stated, "[Y]ou have possession of the property. My client doesn't live there. She vacated before they filed the lawsuit." Disanti's counsel accused Jenkins-Jefferson of taking inconsistent positions and argued that because he "[was] not in a position to just go and change the locks under these circumstances," he requested "a judgment for possession so that [Disanti] can be able to have the color of law to go and take possession of the property."

The trial court told the parties to "figure it out" and directed Jenkins-Jefferson's counsel to "get [Disanti's counsel] and his client possession of the property to his satisfaction." It also noted on the record, "She vacated the property. . . . It can't be that hard."

But having failed to work things out, the parties were back in court the next week. Disanti called as a witness a constable who had attempted to serve Jenkins-Jefferson at the home on August 21. The constable stated that he could not determine if "anyone lived in the residence or not" and acknowledged that the blinds and doors were closed.

Jenkins-Jefferson testified that she had vacated the home on August 14 and directed the court to the August 12 lease agreement that was admitted into evidence at the first hearing as support. When she was asked, "As far as the residence is concerned, you are not living in this residence because it has been sold?" Jenkins-Jefferson answered, "That's correct." Nor, according to Jenkins-Jefferson, did she have any keys to the property. Most importantly, Jenkins-Jefferson testified that she was not contesting whether Disanti should have possession of the property. When confronted with seemingly inconsistent language in her answer referring to her claim against the HOA for wrongful foreclosure, Jenkins-Jefferson clarified that while she was contesting Disanti's ownership of the property, she was not contesting his right to immediate possession.

At the conclusion of the hearing, Jenkins-Jefferson asked the trial court to dismiss the forcible detainer suit and to set aside the justice court's judgment so it would not be on her record. But the trial court ruled in Disanti's favor, awarding possession of the home and costs to Disanti and ordering Jenkins-Jefferson to vacate. This appeal followed.

4

## Discussion

The sole issue in this appeal is whether the trial court lacked subject matter jurisdiction to decide this case because (1) Jenkins-Jefferson was not in actual possession of the property at the time the suit was filed or at any point throughout the case and (2) she did not contest DiSanti's right to immediate possession of the property. We agree with Jenkins-Jefferson and hold that the trial court lacked subject matter jurisdiction.

First, we address Disanti's counsel's remarks that he needed a judgment against Jenkins-Jefferson because she had allegedly contested the forcible detainer suit while it was pending at the justice court. When an appeal from a justice court is perfected in a county court, the justice court's judgment is annulled, and the parties must proceed as though a judgment had not been rendered. *See In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, no pet.). The county court's review is de novo, and it is the plaintiff's burden to obtain a new judgment. *See, e.g.*, *Greenfield v. Chas. K. Horton, Inc.*, 64 S.W.2d 369, 370 (Tex. App.—Waco 1933, no writ). Thus, Disanti's counsel's allegations of what happened in the justice court were irrelevant to the county court's consideration.

With this in mind, we consider subject matter jurisdiction and the allegation of mootness. Courts exist to determine actual controversies, not moot questions. *See, e.g.*, *Tex. & Pac. Ry. Co. v. Gay*, 26 S.W. 599, 613 (Tex. 1894). Without a controversy existing between the parties at every stage of a proceeding, the case is moot, and the plaintiff

lacks standing to bring a claim. The court thus lacks subject matter jurisdiction to consider it. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied).

The only controversy at issue in a forcible detainer case is the right to actual and immediate possession. *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 521–22 (Tex. App.—Fort Worth 2004, no pet.). A forcible detainer proceeding is moot "if the defendant is no longer in possession of the property, unless she holds and asserts 'a potentially meritorious claim of right to **current, actual possession**.'" *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (emphasis added) (quoting *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)). Forcible detainer proceedings are therefore distinct from title proceedings; the issue of title is outside the jurisdiction of a forcible detainer proceeding in a justice court or county court at law. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) ("Any defects in the foreclosure process or with the purchaser's title to property may not be considered in a forcible-detainer action.").

In the record before us, Jenkins-Jefferson pleaded mootness and asserted that she "did not occupy" the residence on the day the suit was filed (August 19, 2020) because she had moved out five days earlier. Disanti offered no probative evidence to the contrary. At trial, Jenkins-Jefferson disavowed any argument that Disanti did not have a right to immediate possession based upon the deed conveying the home to him.

6

While she acknowledged that she is challenging the legitimacy of the HOA's foreclosure and therefore Disanti's title to the property, she explained that she reserved those arguments for another lawsuit, separate and apart from the forcible-detainer suit.

Because there is no evidence that Jenkins-Jefferson occupied the property at the time the suit was filed or at any point thereafter, nor did Jenkins-Jefferson assert any right to possession of the home, Jenkins-Jefferson was and is correct. DiSanti did not have standing. The trial court did not have subject matter jurisdiction. The case is moot. And the trial court's judgment is void. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990).

## Conclusion

Having held that the trial court's judgment is void for lack of subject matter jurisdiction, we vacate the judgment and dismiss the case.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: February 10, 2022

7